J-S48020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRUCE GILLINS A/K/A/ ROBERT | : | |
| BRUCE GILLINS | : | |
| | : | |
| Appellant | : | No. 1145 EDA 2019 |

Appeal from the PCRA Order Entered March 15, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0513171-1994

BEFORE: KUNSELMAN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                    Filed: December 24, 2020

Appellant, Bruce Gillins a/k/a Robert Bruce Gillins, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post Conviction Relief Act ("PCRA").[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On October 3, 1996, Appellant entered a negotiated guilty plea to third-degree murder.  In exchange for his guilty plea, the Commonwealth agreed to a sentence of 10 to 20 years' imprisonment to run concurrent to a federal sentence Appellant was serving.  Appellant did not file a direct appeal from his judgment of sentence.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On June 6, 2017, Appellant filed the current PCRA petition *pro se*. Appellant alleged ineffective assistance of plea counsel, breach of his plea agreement, and an unlawful guilty plea. Specifically, Appellant claimed that all parties agreed his third-degree murder sentence would run concurrent to his federal sentence. Appellant insisted that in March 2012, he sought commutation of his federal sentence. On or around April 5, 2012, Appellant discovered his federal and state sentences were not running concurrent to each other. Appellant subsequently contacted plea counsel for assistance, who advised Appellant to file a claim with the Bureau of Prisons. After doing so, Appellant learned by letter dated April 17, 2017, that the state court had lacked authority to impose a state sentence concurrent to a federal sentence and that Appellant's sentences would run consecutively, not concurrently. Appellant sought appointment of PCRA counsel.

Appellant also filed a *pro se* application for the appointment of counsel on September 13, 2018. The court appointed PCRA counsel on January 8, 2019. Less than one week later, on January 14, 2019, counsel filed a petition to withdraw and "no-merit" letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). In the "no-merit" letter, counsel stated he reviewed the Quarter Session file, corresponded with Appellant, researched the applicable law, and decided Appellant's claims were time-barred under the PCRA. PCRA counsel initially conceded that Appellant, the Commonwealth,

and the court had agreed Appellant's third-degree murder sentence would run concurrent to his federal sentence. PCRA counsel further admitted that the state court had lacked authority to order Appellant's state sentence to run concurrent to the federal sentence. Nevertheless, PCRA counsel maintained Appellant had failed to exercise due diligence by waiting 20 years to seek clarification of his sentence, rendering Appellant's PCRA petition time-barred. PCRA counsel also noted that Appellant's federal sentence was a life sentence, so as a practical matter, Appellant was not prejudiced by consecutive rather than concurrent sentences.

On January 18, 2019, the PCRA court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907. Appellant filed a *pro se* response on February 12, 2019. In his response, Appellant claimed he thought his federal and state sentences were running concurrently until 2012, when he sought commutation of the federal sentence. Appellant did not file a PCRA petition at that time because plea counsel advised him to file a claim with the Bureau of Prisons, which Appellant did. Appellant insisted he did not learn until April 2017, that the state court had lacked authority to impose concurrent sentences and that his sentences were running consecutively.

Appellant further alleged that he received a letter from PCRA counsel on January 11, 2019, indicating PCRA counsel's appointment in the matter. Appellant was unable to call PCRA counsel right away to discuss his case because the prison does not immediately process requests to add phone

numbers to Appellant's list of approved phone calls. Consequently, Appellant asked a friend to reach out to PCRA counsel and to ask PCRA counsel to set up a phone appointment with Appellant. When PCRA counsel was dismissive of Appellant's friend on the phone, Appellant next asked his brother to contact PCRA counsel. PCRA counsel was also dismissive of Appellant's brother. Appellant emphasized that PCRA counsel never reached out to him to discuss the case, even though in his appointment letter, PCRA counsel had stated that he would contact Appellant once he reviewed Appellant's file. Instead, PCRA counsel simply filed the "no-merit" letter. Appellant also averred that failure to run the sentences concurrently did prejudice Appellant because under the recent federal "First Step Act," Appellant might be eligible for a reduction in his federal sentence. Appellant alleged PCRA counsel's performance was deficient and requested the appointment of new PCRA counsel.

On March 15, 2019, the court denied PCRA relief and let counsel withdraw. Appellant timely filed a *pro se* notice of appeal on April 5, 2019. The court did not order, and Appellant did not file, a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises three issues for our review:

> Was the PCRA court's dismissal of Appellant's PCRA petition unsupported by the record and based on legal error because Appellant's appointed PCRA counsel was ineffective for failing to raise Appellant's due process violations, [plea counsel's] ineffectiveness, breach of plea agreement, governmental interference, trial court issued an unlawful sentence and Appellant's actual innocence claims given these claims had arguable merit and if so, should Appellant's

- 4 -

conviction be vacated?

Was the PCRA court's dismissal of Appellant's PCRA petition without a hearing and granting appointed PCRA counsel's *Finley* letter or not appointing new PCRA counsel an error?

Was the PCRA court's dismissal of Appellant's PCRA petition without a hearing an error because the court failed to file an independent opinion?

(Appellant's Brief at 5).

As a preliminary matter, we must address Appellant's allegations of PCRA counsel's ineffectiveness raised in response to the Rule 907 notice. This Court has recently explained:

> "[W]here an indigent, first-time PCRA petitioner was denied his right to counsel—or failed to properly waive that right— this Court is required to raise this error *sua sponte* and remand for the PCRA court to correct that mistake." ***Commonwealth v. Stossel***, 17 A.3d 1286, 1290 (Pa.Super. 2011).

> As this is Appellant's first PCRA petition, he enjoys a well-recognized right to legal representation during this initial collateral review of his judgment of sentence. ***See Commonwealth v. Albert***, 561 A.2d 736, 738 (Pa. 1989) ("[I]n this Commonwealth one who is indigent is entitled to the appointment of counsel to assist with an initial collateral attack after judgment of sentence"). In this context, "the right to counsel conferred on initial PCRA review means 'an enforceable right' to the effective assistance of counsel." ***See Commonwealth v. Holmes***, 79 A.3d 562, 583 (Pa. 2013) (quoting ***Commonwealth v. Albrecht***, 720 A.2d 693, 699-700 (Pa. 1998)).

> While the existence of this right is well-established, the procedure for its enforcement, *i.e.*, raising allegations of PCRA counsel's ineffectiveness, remains ill-defined under Pennsylvania law:

> > [T]here is no formal mechanism in the PCRA for a

second round of collateral attack focusing upon the performance of PCRA counsel, much less is there a formal mechanism designed to specifically capture claims of previous counsel's ineffectiveness defaulted by initial-review PCRA counsel. Frankly, this Court has struggled with the question of how to enforce the "enforceable" right to effective PCRA counsel within the strictures of the PCRA[.] The question of whether and how to vindicate the right to effective PCRA counsel has been discussed at length in majority opinions and in responsive opinions .... But, the Justices have not been of one mind respecting how to resolve the issue, and no definitive resolution has emerged.

*Holmes, supra* at 583-84. Stated more succinctly, "since petitioners are not authorized to pursue hybrid representation and counsel cannot allege [their] own ineffectiveness, claims of PCRA counsel ineffectiveness cannot **ordinarily** be raised in state post-conviction proceedings[.]" *Commonwealth v. Rykard*, 55 A.3d 1177, 1188 (Pa.Super. 2012) (emphasis added).

However, our Supreme Court also concomitantly requires counseled PCRA petitioners to raise allegations of PCRA counsel's ineffectiveness in response to a Rule 907 notice of intent to dismiss, or risk waiver. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009).

\* \* \*

Subsequent interpretation of *Pitts* by both the Supreme Court and this Court have reaffirmed this aspect of the holding. *See Commonwealth v. [A.] Robinson*, 139 A.3d 178, 184 n.8 (Pa. 2016); *Commonwealth v. Henkel*, 90 A.3d 16, 25 (Pa.Super. 2014) (*en banc*) ("[T]he *Pitts* majority mandated that a petitioner raise any allegations of PCRA counsel ineffectiveness in response to the PCRA court's notice of dismissal").

*Commonwealth v. Betts*, 240 A.3d 616, 621-22 (Pa.Super. 2020) (some internal citations omitted).

- 6 -

Additionally, this Court has emphasized the importance of effective assistance of counsel regarding a petitioner's first PCRA petition:

> While the right to legal representation in the PCRA context is not constitutionally derived, the importance of that right cannot be diminished merely due to its rule-based derivation. In the post-conviction setting, the defendant normally is seeking redress for trial counsel's errors and omissions. Given the current time constraints of [the PCRA], a defendant's first PCRA petition, where the rule-based right to counsel unconditionally attaches, may well be the defendant's sole opportunity to seek redress for such errors and omissions. Without the input of an attorney, important rights and defenses may be forever lost.

*Commonwealth v. J. Robinson*, 970 A.2d 455, 458-59 (Pa.Super. 2009) (*en banc*). *See also Commonwealth v. Perez*, 799 A.2d 848, 851-52 (Pa.Super. 2002) (explaining indigent petition is entitled to appointment of counsel on first PCRA petition, even where petition appears untimely on its face, to determine whether petition is indeed untimely and if any timeliness exception applies).

Further, we recognize that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. The designation of the petition does not preclude a court from deducing the proper nature of a pleading." *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa.Super. 2019) (internal citations and quotation marks omitted). Plea bargains play a critical role in the criminal justice system of this Commonwealth:

> Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining

system. The disposition of criminal charges by agreement between the prosecutor and the accused, ...is an essential component of the administration of justice. Properly administered, it is to be encouraged.

In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule…. A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.

Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of— terms that fall outside these areas.

Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. …

**Commonwealth v. Snook**, 230 A.3d 438, 444 (Pa.Super. 2020) (internal citations omitted). **See also Commonwealth v. Koch**, 654 A.2d 1168 (Pa.Super. 1995) (explaining that Commonwealth's legal inability to fulfill promise made in plea bargain resulted in breach of plea agreement such that defendant's guilty plea was not knowing and voluntary).

In **Betts, supra**, the appellant had complied with **Pitts** by asserting PCRA counsel's ineffectiveness in response to the PCRA court's issuance of Rule 907 notice, and before entry of a final PCRA order. **Betts, supra** at 622. Nevertheless, the PCRA court did not consider the allegations of PCRA counsel's ineffectiveness prior to dismissing his PCRA petition, so the appellant's "concerns were not reviewed or investigated by the PCRA court in a meaningful way." **Id.** at 623. Consequently, this Court held that the appellant "never received the assistance of counsel in arguing the merits of these ineffectiveness claims to the PCRA court." **Id.** This Court reasoned:

> Appellant's rule-based right to effective counsel extends throughout the entirety of his first PCRA proceeding. **See Holmes, supra** at 583; **Henkel, supra** at 22-23 (citing Pa.R.Crim.P. 904(F)(2)). Necessarily, Appellant had a right to effective counsel when he alleged [PCRA counsel's] ineffectiveness in response to the PCRA court's Rule 907 notice. **Id.** However, as a matter of Pennsylvania law, he could not rely upon [PCRA] counsel to assist him in this specific context. **See Commonwealth v. Spotz**, 18 A.3d 244, 329 n.52 (Pa. 2011) ("[C]ounsel cannot argue his or her own ineffectiveness"); **see also, e.g., Commonwealth v. Ellis**, 626 A.2d 1137, 1138-39 (Pa. 1993) ("[U]nder no other circumstances are counsel and client permitted to present opposing arguments").
>
> In this specific context, Appellant's timely allegations of ineffectiveness created a "substantial" and "irreconcilable" conflict in his relationship with [PCRA counsel]. **See** Pa.R.Crim.P. 122(C) ("A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons"); **Commonwealth v. Jette**, 611 Pa. 166, 23 A.3d 1032, 1041 n.10 (2011) ("To satisfy this standard, a defendant must demonstrate he has an irreconcilable difference with counsel that precludes counsel from representing him"). Our case law is replete with instances where allegations of

- 9 -

ineffectiveness have necessitated the appointment of substitute counsel in the post-collateral context. ***See, e.g.***, ***Commonwealth v. Fox***, 383 A.2d 199, 200 (Pa. 1978) ("[W]e cannot assume that appellant's [post-conviction] counsel adequately advised appellant of his own inadequacies ....") (citing ***Commonwealth v. Sherard***, 384 A.2d 234, 234 (Pa. 1977) (same)).

*       *       *

In sum, we believe that Appellant is entitled to remand for the appointment of substitute PCRA counsel to prosecute these abeyant claims of ineffectiveness. Our Supreme Court has opined that remand and appointment of new PCRA counsel is appropriate in such circumstances:

> An indigent petitioner has the right to appointment of counsel to assist in prosecuting a first PCRA petition. Where that right has been effectively denied by the action of court or counsel, the petitioner is entitled to remand to the PCRA court for appointment of counsel to prosecute the PCRA petition. The remand serves to give the petitioner the benefit of competent counsel at each stage of post-conviction review.

> ***Commonwealth v. Kenney***, 732 A.2d 1161, 1164 (Pa. 1999); ***see also Commonwealth v. Cox***, 204 A.3d 371, 390 (Pa. 2019) (affirming ***Kenney*** for the proposition that "remand for appointment of counsel is appropriate remedy when the right to appointment [of] counsel has been effectively denied").

***Betts, supra*** at 623-24 (internal footnote omitted).

Instantly, the record confirms that Appellant is indigent and that the current petition is his first PCRA petition. After receiving counsel's "no-merit" letter and the Rule 907 notice, Appellant alleged PCRA counsel's ineffectiveness in his February 12, 2019 *pro se* response. Notwithstanding Appellant's allegations, the court did not address Appellant's claims of PCRA

counsel's ineffectiveness in its order denying PCRA relief or Rule 1925(a) opinion. Rather, the PCRA court adopted counsel's timeliness analysis and decided Appellant's current claims were time-barred under the PCRA.

Notably, the Commonwealth concedes on appeal that Appellant's claim that his guilty plea was invalid has arguable merit based on the terms of the parties' negotiated plea agreement. (**See** Commonwealth's Brief at 4, 6, 9). Nevertheless, the Commonwealth agrees with PCRA counsel and the court that Appellant's claims are time-barred under the PCRA. Significantly, however, neither PCRA counsel nor the PCRA court considered whether Appellant's current claims, which arguably sound in breach of his plea agreement, fall **outside** of the PCRA. *See Snook, supra*; *Kerns, supra*; *Koch, supra*.

In light of the PCRA court's failure to confront Appellant's allegations of PCRA counsel's ineffectiveness and the possibility that Appellant's claims fall outside of the PCRA, the best resolution of this case is to vacate the order denying PCRA relief and remand for further proceedings. *See Kenney, supra*; *Betts, supra*. On remand, the court shall appoint substitute PCRA counsel who must: (1) review Appellant's *pro se* allegations of PCRA counsel's ineffectiveness;[2] (2) discern whether Appellant's claims fall outside of the

---

[2] As this Court acknowledged in **Betts**, "Appellant's assertions of [PCRA counsel's] ineffectiveness may ultimately prove meritless. Our holding is concerned only with ensuring those claims are given proper consideration. Due to the nature of our holding, we express no opinion on the arguable merit of Appellant's assertions." *Betts, supra* at 624 n.13.

PCRA, such that the PCRA's timeliness constraints would not apply;[3] (3) file supplemental briefing limited to these issues within a reasonable time frame; and (4) continue to represent Appellant for the duration of these PCRA proceedings. The Commonwealth shall have a reasonable opportunity to respond. Thereafter, the PCRA court shall proceed as it deems appropriate. *See id.* (issuing similar instructions upon remand).

Order vacated. Case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/20

_____

[3] To the extent Appellant's claims **are** cognizable under the PCRA, we recognize that Appellant might not even be eligible for PCRA relief if he has finished serving his state sentence, timeliness considerations aside. *See* 42 Pa.C.S.A. § 9543(a)(i) (explaining that to be eligible for PCRA relief, petitioner must be currently serving sentence of imprisonment, probation or parole for crime at issue). If substitute PCRA counsel decides Appellant's claims are cognizable under the PCRA, counsel should analyze Appellant's eligibility for PCRA relief in addition to the relevant timeliness analysis.