J-S02043-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRAHEEM BIVENS | : | |
| | : | |
| Appellant | : | No. 1583 EDA 2020 |

Appeal from the Order Entered July 31, 2020
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0006525-2011

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                Filed: May 20, 2021

Appellant Braheem Bivens appeals *pro se* from the order denying his motion for modification of sentence *nunc pro tunc*.  Appellant contends that he was deprived of the benefit of his plea bargain because the trial court stated that his sentence would begin running on a certain date.  Appellant also alleges that his prior counsel was ineffective and that his sentence is illegal.  For the reasons that follow, we affirm.

On March 6, 2012, Appellant entered a negotiated guilty plea to possession with intent to deliver cocaine.  During its recitation of the terms of the plea, the Commonwealth stated that it understood that Appellant "wishes to report to commence his sentence next Tuesday . . . that being March 13, 2012." N.T., 3/6/12, at 5.  During Appellant's plea colloquy, he acknowledged that he was on probation or parole for another case and discussed with counsel the possible consequences the instant conviction would have on the prior

case.[1]  *See id.* at 14.  That same day, the trial court sentenced Appellant in accordance with the agreement to seven to fourteen years' imprisonment. The sentencing order stated that Appellant would report for his sentence on March 13, 2012.  The trial court also credited the time from March 28, 2011, to November 4, 2011.  Appellant did not file a direct appeal.

On February 28, 2013, Appellant filed a timely, counseled, first Post Conviction Relief Act[2] (PCRA) petition challenging the validity of his guilty plea. The PCRA court dismissed the petition on July 29, 2013, and on March 6, 2014, this Court affirmed.  *See Commonwealth v. Bivens*, 2502 EDA 2013 (Pa. Super. filed Mar. 6, 2014) (unpublished mem.).

On June 6, 2016, Appellant filed his second PCRA petition.  The PCRA court issued notice of its intent to dismiss on October 20, 2016.  *See* Pa.R.Crim.P. 907(1).  The PCRA court dismissed the second PCRA petition on March 23, 2017, and Appellant did not appeal to this Court.

Meanwhile, beginning in June of 2014, Appellant began raising claims for "time credit" and filed a motion alleging that he was not credited with the time from March 28, 2011, to November 4, 2011.  He also requested that his sentence "run concurrent with any other sentence being served."  Mot. for Time Credit, 6/26/14.  The trial court entered an order granting Appellant's

---

[1] The trial court stated that Appellant was previously paroled in a prior case in "docket no. 6443-2005."  Trial Ct. Op., 9/14/20, at 1.  Based on Appellant's instant conviction, it further appears that Appellant was recommitted to eighteen months' backtime for the parole violation in his prior case.

[2] 42 Pa.C.S. §§ 9541-9546.

motion, which the Department of Corrections refused to honor as an illegal sentence.

On July 13, 2017, Appellant filed a motion for credit for time served, which the trial court dismissed, explaining that it did not have jurisdiction to entertain the merits of the motion. **See** Trial Ct. Op., 9/14/20, at 5. Appellant subsequently filed two additional motions seeking to correct his sentence and to hold the Department of Corrections in contempt for miscalculating time served. The court denied both motions on January 1, 2018. Thereafter, Appellant sought relief in the Commonwealth Court, concerning his back time served. The Commonwealth Court denied Appellant's motion on March 11, 2020.[3]

On April 20, 2020, Appellant filed the instant *pro se* motion for modification of sentence *nunc pro tunc*. Following a hearing on July 21, 2020, the trial court denied Appellant's motion. Appellant timely appealed. The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, but issued a Rule 1925(a) opinion addressing the claims raised in Appellant's motion. **See** Pa.R.A.P. 1925(a).

_____

[3] We note that the Commonwealth Court concluded that the trial court's order granting Appellant's June 26, 2014 motion for time credit was illegal because the trial court could not order Appellant's instant sentence to run concurrently with Appellant's backtime for his prior conviction. Notably, the Commonwealth Court added a footnote suggesting that Appellant "seek modification of his sentence *nunc pro tunc* before the trial court by asserting that he has not received the benefit of the negotiated guilty plea bargain that the court approved." **Bivens v. Pennsylvania Dep't of Corr.**, 192 M.D. 2018, 2020 WL 1171089, at *3 n.1 (Pa. Cmwlth. filed Mar. 11, 2020) (unpublished mem.).

Appellant presents the following questions for review:

1. Did the trial court abuse its discretion in denying Appellant appropriate avenue for review to seek vacation/modification of his sentence *nunc pro tunc* before the trial court by asserting that he has not received the benefit of the negotiated guilty plea bargain that the court approved?

2. Whether Appellant's plea of guilty was knowingly, voluntarily or intelligently made or rather induced as a result of threats, coercion and promises by the court.

3. Should Appellant be permitted to withdraw his plea or, in the alternative, vacate and modify from an illegal sentence pursuant to 61 Pa.C.S. § 6138(A)(5)(i) and 61 Pa.C.S. § 4503?

Appellant's Brief at 4 (some formatting altered)

Appellant claims that because he did not receive the benefit of his plea agreement, his plea was unknowing and the court erred in refusing to allow him to withdraw his plea. Additionally, Appellant claims that his plea was unlawfully induced by the trial court and alleges the ineffectiveness of all prior counsel. In sum, Appellant contends that he is entitled to credit or to have his sentence restructured to conform to his belief that his sentence would commence as soon as he reported to prison. Alternatively, he claims that he is entitled to withdraw his plea.

The Commonwealth contends that despite being titled as a motion to modify the sentence, Appellant's motion was a PCRA petition because the PCRA subsumes all forms of collateral relief. *See* Commonwealth's Brief at 7-9. Further, the Commonwealth argues that Appellant is not entitled to review

of his claims because the petition is untimely on its face and Appellant does not establish any of the exceptions to the PCRA time bar. ***See id.***

We first address whether Appellant's claims must be raised within a PCRA petition. This issue raises a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Moore***, --- A.3d ---, 14 EAP 2019, 2021 WL 1133063, at *2 (Pa. filed Mar. 25, 2021); ***Commonwealth v. Montgomery***, 181 A.3d 359, 367 (Pa. Super. 2018) (*en banc*).

"It is well settled that the PCRA is intended to be the sole means of achieving post-conviction relief." ***Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013) (citing 42 Pa.C.S. § 9542). Claims that must be brought under the PCRA include a conviction or sentence that resulted from:

> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

42 Pa.C.S. § 9543(a)(2)(i)-(iii). A claim that a sentence is illegal must also be brought under the PCRA. ***See Moore***, 2021 WL 1133063, at *2.

If the PCRA applies, the petitioner must generally file a petition within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). The timeliness requirements of the PCRA are jurisdictional in nature, and, thus, a PCRA court cannot hear untimely petitions. **See** **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003).

However, 42 Pa.C.S. § 9545(b) provides forth three statutory exceptions for reviewing a facially untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). To invoke one of these exceptions, a petitioner must also file his petition within one year of the date the claim could have been presented. **See** 42 Pa.C.S. § 9545(b)(2) (as amended eff. Dec. 24, 2018). It is the PCRA petitioner's "burden to allege and prove that one of the timeliness exceptions applies." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010) (citation and quotation marks omitted).

Instantly, to the extent Appellant's motion implicated the ineffective assistance of his prior counsel and the withdrawal of an unlawfully induced

- 6 -

plea, such claims are cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2)(i)-(iii); *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006). Appellant's claims that his sentence is illegal are cognizable, as is his claim that the trial court erred in calculating the credit due for a sentence. *See Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super. 2007); *see also Commonwealth v. Perry*, 563 A.2d 511, 512-13 (Pa. Super. 1989) (discussing challenges to sentencing credits). Because Appellant's petition was facially untimely and Appellant neither pled nor proved a timeliness exception under the PCRA,[4] he failed to meet the jurisdictional threshold for a court to consider the merits of these claims. *See Robinson*, 837 A.2d at 1161.

Appellant also claims that he was deprived of the benefit of his plea bargain. Generally, such claims fall outside the scope of the PCRA. *See Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020) (noting that "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance" (citation omitted)); *accord Perry*, 563 A.2d at 512 (stating that if an alleged error concerns ambiguity in the trial court's

---

[4] Specifically, Appellant's judgment of sentence became final on April 5, 2012, thirty days after the March 6, 2012 judgment of sentence. *See* 42 Pa.C.S. § 9545(b)(3). Appellant had one year from that date to file a timely PCRA petition. The instant motion, filed over seven years after his judgment of sentence became final, is facially untimely under the PCRA.

- 7 -

sentence, then a trial court may consider a petition for writ of *habeas corpus* for "clarification and/or correction of the sentence imposed").

As our Supreme Court noted:

[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement. Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term."

***Commonwealth v. Martinez***, 147 A.3d 517, 532-33 (Pa. 2016) (citations omitted). Our courts demand "strict compliance" with the Commonwealth's duty to honor the terms of plea agreement "in order to avoid any possible perversion of the plea bargaining system." ***Id.*** at 532.

Here, we conclude that the trial court's consideration of Appellant's motion as a *nunc pro tunc* post-sentence motion was improper. Nevertheless, the trial court retained jurisdiction to consider Appellant's claims that he did not receive the benefit of his plea bargain outside of the framework the PCRA. ***See Snook***, 230 A.3d at 444; ***Perry***, 563 A.2d at 512.

Critical to Appellant's plea enforcement claim is the trial court's statement that "[t]he possible consequences of Appellant's violation of parole were not part of the negotiated plea agreement" in the instant case. ***See*** Trial Ct. Op. at 3; ***Martinez***, 147 A.3d at 533. Specifically, the terms of the plea agreement were that Appellant would plead guilty to possession with the intent to deliver as an ungraded felony; the Commonwealth's recommended sentence was seven to fourteen years, which is a non-mandatory sentence;

Appellant was to forfeit $13,778 and two cell phones; the Commonwealth was to dismiss the remaining charges; and Appellant "wishes to report to commence his sentence . . . March 13, 2013." N.T., 3/6/12, at 4-5. There was no term in the plea agreement discussed at sentencing with respect to either credit for time served, or how this sentence would run with respect to the prior case. Thus, the sentence imposed by the court comported with the terms of the plea agreement and Appellant was not deprived of the benefit of the bargain. *See Martinez*, 147 A.3d at 533.

Therefore, we conclude that Appellant's motion, which raised trial counsel's ineffectiveness and the legality of his guilty plea, should have been treated as a PCRA petition. Further, because Appellant did not plead and prove an exception to the PCRA time bar, it was untimely. Finally, because Appellant was sentenced in accordance with the terms of the plea agreement, Appellant's claim that he did not receive the benefit of his plea agreement lacks merit. Accordingly, we affirm the order of the PCRA court.[5]

Order affirmed.

---

[5] The PCRA court addressed the merits of Appellant's petition. However, because the petition was untimely, it lacked the jurisdiction to do so. "[W]e may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm." *Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (citation omitted and some formatting altered).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/20/21</u>