J-S15035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE JONES | : | |
| | : | |
| Appellant | : | No. 1306 EDA 2021 |

Appeal from the PCRA Order Entered May 24, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0002547-2018

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED SEPTEMBER 22, 2022**

Duane Jones ("Jones") appeals *pro se* from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In light of our disposition, a recitation of the facts is unnecessary. Jones pled guilty in Montgomery County to possession of methamphetamine with intent to deliver and conspiracy to possess methamphetamine with intent to deliver, pursuant to a negotiated plea agreement for an aggregate term of eighty to 160 months of imprisonment concurrent to all previously imposed sentences. **See** N.T., 8/26/19, 3-8. At the plea hearing, Jones's counsel ("plea counsel") stated that Jones was appealing an April 2018 Philadelphia

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

conviction ("the Philadelphia conviction"), and that if Jones prevailed on the appeal, he would seek time credit in this case for the eighteen months of imprisonment he had served on the Philadelphia conviction. *Id*. at 9-10. On August 26, 2019, the plea court imposed the sentence the parties had negotiated. *See id*. at 13-14.

Jones did not file post-sentence motions or appeal his judgment of sentence. On October 27, 2020, he filed a *pro se* PCRA petition via the prisoner mailbox rule[2] claiming a violation of his plea agreement. Specifically, Jones claimed that because the plea court ordered his sentence to run concurrent to all previously imposed sentences, he was entitled to credit in this case for the time he had served on the Philadelphia conviction. *See* PCRA Petition, 10/30/20, at 8B-F. Jones also asserted that plea counsel was ineffective for not correcting the effective date of his sentence in this case from August 26, 2019, the date of his plea and sentencing in this case, to April 27, 2018, the date of his sentencing on the Philadelphia conviction. *See id*.

The PCRA court appointed PCRA counsel, Sean E. Cullen, Esquire, to represent Jones. Attorney Cullen subsequently filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

---

[2] **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019) (stating that prisoner mailbox rule provides that a document is deemed filed when a prisoner delivers it to prison authorities for mailing).

Attorney Cullen explained that Jones's claims were time-barred and, in any event, meritless because the parties agreed that Jones could only seek time credit in this case for the Philadelphia conviction *if* he succeeded in obtaining the reversal of that conviction, which did not occur.[3] *See Turner/Finley* Letter, 1/24/21, at 1-2, 28-30, 35-36, 39-40.

The PCRA court granted PCRA counsel's petition to withdraw, and issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Jones's PCRA petition without a hearing. Jones responded *pro se* to the PCRA court's Rule 907 notice, asserting that his PCRA petition was timely and that he did not discover the factual basis for his claim until approximately October 1, 2020, when he spoke to a prison counselor. *See* Jones's Objection to 907 Notice, 5/19/21, at 5-6. The PCRA court dismissed Jones's PCRA petition as time-barred and meritless. Jones filed a timely *pro se* notice of appeal. Jones and the PCRA court complied with Pa.R.A.P. 1925.

Jones presents the following issues for our review:

1. Did the PCRA court err[] when it granted PCRA [c]ounsel leave to withdraw?

2. Did the PCRA court err[] when it denied [Jones's] initial *pro se* . . . PCRA petition without the ben[e]fit of a[n] evidentiary hearing violating [Jones's] due process rights?

Jones's Brief at 4.

_____

[3] *See Commonwealth v. Jones*, 226 A.3d 664 (Pa. Super. 2020) (unpublished memorandum) (affirming Jones's Philadelphia conviction), *appeal denied*, *Commonwealth v. Jones*, 238 A.3d 340 (Pa. 2020) (table).

This Court's standard for reviewing the dismissal of PCRA relief is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA Court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (citation and quotations omitted).

At the outset, we note that Jones's issues raise three distinct theories for relief, namely that: (1) he did not receive the benefit of his plea bargain; (2) the plea court erred by failing to set a retroactive effective date of the present sentence to the date Jones began serving his sentence for the Philadelphia conviction; and (3) he was entitled to credit in this case for the time he served on the Philadelphia conviction from the date he began serving it until the date of sentencing in this case. Therefore, as a preliminary matter, we must determine whether Jones's claims fall within the scope of the PCRA.

To the extent Jones seeks to enforce his plea agreement, his claims may be raised outside of the timeliness restrictions of the PCRA. *See Commonwealth v. Kearns*, 220 A.3d 607, 616 (Pa. Super. 2019) (holding that if there is a plea agreement to enforce, a review of the agreement "remains outside the aegis of the PCRA"). Accordingly, we initially review the PCRA court's determination that Jones's claimed right to enforce his plea

agreement was meritless. ***See Commonwealth v. Snook***, 230 A.3d 438, 444 (Pa. Super. 2020) (stating that "[a] determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication").

Jones asserts that he was entitled to an assignment of a retroactive effective date of the present sentence to the date he began serving his sentence for the Philadelphia conviction. The PCRA court rejected that argument finding that there was no breach of the plea agreement.

Following our review, we conclude that the record supports the PCRA court's finding that Jones failed to establish a violation of a term of the plea agreement. Jones was present in court when the parties agreed that his sentence in this case would run concurrent to other sentences he was serving, and when plea counsel told the court that any request for credit in this case for time served on the Philadelphia conviction that Jones could later advance was contingent upon his obtaining reversal of the Philadelphia conviction. ***See*** N.T., 8/26/19, at 9-10 (plea counsel stating that Jones's receipt of time credit in this case for the Philadelphia conviction was dependent upon a favorable result in that appeal, and informing the court that "there's nothing we can do until that other charge [sic] is resolved"). Jones then told the plea court that he had no questions or issues for the court and was pleading guilty of his own free will. ***See id***. at 12. Further, the plea court expressly stated that Jones's commitment date in this case began the day of sentencing in this case, August

26, 2019 (not eighteen months before when the Philadelphia sentence was imposed). *See id*.

Contrary to Jones's argument, there is no indication in the record that Jones's sentence would be concurrent **retroactive** to the date of the Philadelphia conviction and sentencing, nor did the parties agree to time credit in this case based on Jones's time served on his Philadelphia sentence. *See id*. (stating only that Jones's sentence is to run concurrent to all other sentences). The only representation that the time Jones had served on his Philadelphia conviction might be credited to the sentence in this case was that Jones could seek such a result if he obtained reversal of the Philadelphia conviction, which he did not. Thus, we agree with the PCRA court that there is no merit to Jones's claim that he did not receive the benefit of a term of his plea bargain, or was entitled to a retroactive sentencing date in this case. *See Commonwealth v. Anderson*, 995 A.2d 1184, 1195 (Pa. Super. 2010) (rejecting a PCRA petitioner's claim about the terms of his plea agreement where the record did not support the claim).[4]

However, to the extent that Jones suggests that his sentence was illegal because he was not awarded proper time credit, that claim is cognizable under the PCRA. *See Commonwealth v. Fowler*, 930 A.2d 586, 595 (Pa. Super.

---

[4] For these reasons, Jones's related claims that plea counsel was ineffective for not seeking enforcement of the plea agreement, and that Attorney Cullen was ineffective for seeking leave to withdraw also fail. *See Anderson*, 995 A.2d at 1195.

2007). Accordingly, we consider whether the PCRA erred in concluding that Jones's request for PCRA request was untimely.

Under the PCRA, any petition, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final. **See** 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. 42 Pa.C.S.A. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

Here, Jones was sentenced on August 26, 2019, and he did not file a post-sentence motion or a direct appeal. Therefore, his sentence became final on September 25, 2019, and he had one year, or until September 25, 2020, to file a timely PCRA petition. *See* 42 Pa.C.S.A. §9545(b)(3) (providing that a judgment of sentence becomes final at the conclusion of direct review or at the expiration of time for seeking the review); *see also* Pa.R.A.P. 903(c)(3) (providing that in a criminal case in which no post sentence motion has been filed, the notice of appeal shall be filed within thirty days). Thus, Jones's petition, filed on October 27, 2020, was facially untimely.[5]

On appeal, Jones asserts that he established the application of the PCRA time-bar exception for a newly discovered fact. *See* 42 Pa.C.S.A. §

---

[5] Jones asserts that his one year to file a timely PCRA petition was extended by the ninety-day period in which a petitioner may seek a writ of *certiorari* to the United States Supreme Court. *See* Jones's Objection to the PCRA Court's 907 Notice, 5/19/21, at 5-6. However, because Jones did not file post-sentence motions or a direct appeal, his appeal became final thirty days after his sentence, on September 25, 2019. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903(c)(3). Jones's assertion that he timely filed his PCRA petition therefore lacks merit.

9545(b)(1)(ii). He asserts that he first learned in an October 1, 2020, conversation with a prison counselor that the plea court's sentence was effective on August 26, 2019, the date the plea court sentenced him in this case, rather than April 27, 2018, the date of his sentence on the Philadelphia conviction. *See* Jones's Brief at 15-16. The PCRA court found that Jones had not established a newly discovered fact that was unknown to him and could not have been discovered with exercise of due diligence, and that the alleged new fact did not change the analysis of the facts of Jones's case or undermine the validity of his guilty plea. *See* PCRA Court Opinion, 8/5/21, at 7, citing 42 Pa.C.S.A. § 9545(b)(1)(ii).

We agree with the PCRA court that Jones's attempt to invoke the newly discovered fact exception to the time bar is unavailing. Jones, who was present in court, was fully aware of the terms of his negotiated sentence, including the fact that the plea court declared that his sentence had an effective date of August 26, 2019, the date of sentence in this case, and that any claim for credit for the Philadelphia conviction was contingent upon the reversal of that conviction. Thus, Jones failed to establish that he had discovered a new fact giving rise to his claim for sentencing credit or exercised due diligence in ascertaining that alleged fact. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). Jones's failure to establish a time-bar exception deprives this Court of jurisdiction over his claim that the PCRA court abused its discretion by declining to grant an evidentiary hearing on his PCRA petition. *See*

***Albrecht***, 994 A.2d at 1093.  Accordingly, the PCRA court properly dismissed Jones's request for PCRA relief as untimely.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* _9/22/2022_