J-A29012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRAVIS JOHN BERRY | : | |
| | : | |
| Appellant | : | No. 280 WDA 2022 |

Appeal from the Order Entered February 18, 2022
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000545-2018

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED:  March 23, 2023**

Appellant, Travis John Berry, appeals *pro se* from the trial court's February 18, 2022 order denying his "Motion to Enforce Plea Agreement" (hereinafter, "Motion").  Appellant alleges that his plea agreement was for concurrent sentences on all counts, which the court allegedly violated when it imposed a sentence on one of his counts to run consecutively.  After careful review, we affirm.

The facts underlying Appellant's convictions are not pertinent to our disposition of his present appeal.  We need only note that on December 17, 2018, Appellant pled guilty to one count of terroristic threats, 18 Pa.C.S. § 2706(a)(1), and two counts of recklessly endangering another person (REAP), 18 Pa.C.S. § 2701(a)(1).  On January 4, 2019, the court imposed a sentence of 9 to 60 months' incarceration for his terroristic threats conviction, and a term of 9 to 24 months' incarceration for each of his two REAP offenses.  The

court directed that Appellant's REAP sentences run concurrently to one another, and consecutively to his sentence for terroristic threats. Thus, Appellant's aggregate term of incarceration is 18 to 84 months.

On January 11, 2019, Appellant filed a *pro se* motion to withdraw his guilty plea, arguing that he "did not knowingly, voluntarily, and intelligently enter into a plea agreement in which … he was sentenced to consecutive sentences." Motion to Withdraw Guilty Plea, 1/11/19, at 1 (single page). However, on February 6, 2019, Appellant moved to withdraw that motion, stating that "he no longer wishe[d] to withdraw his plea of guilty…." Motion to Withdraw Withdrawal, 2/6/19, at 1 (single page).

On February 6, 2019, Appellant also filed a *pro se* motion for reconsideration of his sentence, asking for a "concurrent sentence on all counts … instead of consecutive." Motion for Reconsideration, 2/6/19, at 1 (single page). On March 8, 2019, the court issued an order denying that motion on the basis that it was untimely filed. Appellant did not file a direct appeal.

Instead, on December 23, 2019, Appellant filed a *pro se* petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, alleging that his trial counsel was ineffective for "allow[ing] the plea agreement to be changed from a concurrent sentence to a consecutive sentence," and for failing to "advise [Appellant] to withdraw the same…." PCRA Petition, 12/23/19, at 10 (unnumbered). Counsel was appointed and an evidentiary hearing was held. On March 2, 2021, the court issued an order denying

- 2 -

Appellant's petition, apparently finding no arguable merit to his claim that counsel was ineffective for not objecting to his consecutive sentence or advising Appellant to withdraw his plea. Specifically, the court stated:

> [T]he plea agreement is clear on its face.[1] [Appellant] was aware of the recommendation of the Commonwealth at sentencing prior to being sentenced. [Appellant] never raised the issue at sentencing that the Commonwealth was arguing against the plea agreement. The [c]ourt did follow the plea agreement and sentencing … [with the REAP] [c]ounts … being concurrent, and this [c]ourt made the sentence on [terroristic threats] and [the two REAP c]ounts consecutive.

PCRA Court Order, 3/2/21, at 1 (single page). Appellant filed a timely notice of appeal from this order, but then later filed a motion to withdraw that appeal, which this Court granted. **See** Per Curiam Order, 5/7/21, at 1 (single page).

On February 16, 2022, Appellant filed the Motion at issue in the present appeal. Therein, he again contended that his plea agreement called for concurrent sentences on all counts. He insisted that the "written[,] contractual plea agreement" was explicitly accepted by the court and then violated when the court imposed a consecutive sentence for his terroristic-threats offense. **See** Motion, 2/16/22, at 2 (unnumbered). On February 18, 2022, the trial court issued an order denying Appellant's Motion.

On March 3, 2022, Appellant filed a timely, pro se notice of appeal. The court thereafter ordered him to file a Pa.R.A.P. 1925(b) concise statement of

---

[1] The written plea agreement stated the sentencing recommendation as follows: "Standard [r]ange with counts [five] and [six] concurrent." Written Plea, 1/9/19, at 1. The plea lists counts five and six as Appellant's REAP charges.

- 3 -

errors complained of on appeal, and Appellant timely complied. The court filed a Rule 1925(a) opinion on June 30, 2022.

Herein, Appellant states two issues for our review:

[I.] Did the [trial c]ourt err when it denied Appellant's Motion…?

[II.] Does Appellant's plea agreement need [to be] enforced so he can get the full benefit of his plea bargain?

Appellant's Brief at 4.

Preliminarily, we observe that,

a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.[] § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.[] § 9545(b)(3).

A petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. *See* ***Commonwealth v. Peterkin***, … 722 A.2d 638, 640 ([Pa.] 1998); 42 Pa.C.S.[] § 9542 (stating [the] PCRA shall be [the] sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. ***Commonwealth v. Hall***, 771 A.2d 1232, 1235 ([Pa.] 2001).

\*\*\*

"On the other hand, a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. The designation of the petition does not preclude a court from deducing the proper nature of a pleading." ***Commonwealth v. Kerns***, 220 A.3d 607, 611-12 (Pa. Super. 2019) (internal citations and quotation marks omitted).

\*\*\*

> Further: "[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement. Thus, a court must determine whether an alleged term is part of the parties' plea agreement. If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term." ***Commonwealth v. Martinez***, 147 A.3d 517, 532-33 ([Pa.] 2016) (some internal citations omitted).

***Commonwealth v. Snook***, 230 A.3d 438, 443–45 (Pa. Super. 2020).

Here, Appellant alleged in his Motion that his negotiated plea agreement mandated concurrent sentences for each of the counts to which he pled guilty and, because the court accepted that plea, it was bound to impose concurrent sentences. Nevertheless, the trial court imposed a consecutive sentence for his terroristic-threats offense, thereby violating the terms of the negotiated plea agreement. Appellant averred in his Motion that he is entitled to specific performance of the plea agreement for concurrent sentences. Because Appellant's Motion sought specific performance of his negotiated plea agreement, we conclude that his claim is not cognizable under the PCRA or subject to the timeliness requirements thereof. ***See id.***

Nevertheless, no relief is due. Appellant's argument that his plea agreement called for concurrent sentences on all counts is waived. In ***Commonwealth v. Parsons***, 969 A.2d 1259, 1268 (Pa. Super. 2009) (*en banc*), this Court held that, "[a]ssuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement on the record, and the court accepts and approves the plea, then the parties and the court must abide by the terms of the plea." However,

[t]o be clear, a trial court legally may impose a harsher sentence than the one agreed upon, even after accepting a plea with a negotiated sentence. *Commonwealth v. Tann*, 79 A.3d 1130, 1133 (Pa. Super. 2013) ("Following the acceptance of a negotiated plea, the trial court is not required to sentence a defendant in accordance with the plea agreement. Such a sentence is legal, so long as it does not exceed the statutory maximum."). However, when it does so, the trial court must give the defendant the option to withdraw his plea and proceed to trial. *Id.* ("[A] criminal defendant who is sentenced to more than was agreed upon in a negotiated plea may withdraw his guilty plea upon being deprived of the benefit of his bargain.") (citing *Commonwealth v. Wallace*, … 870 A.2d 838, 843 n.5 ([Pa.] 2005)).

*Commonwealth v. Root*, 179 A.3d 511, 518 (Pa. Super. 2018).

Here, even if Appellant is correct that his negotiated plea called for concurrent sentences, the court's acceptance of that plea still did not legally preclude it from imposing a harsher, consecutive sentence for terroristic threats. To challenge the imposition of that sentence as violative of the plea agreement, or seek to withdraw his plea because of the court's sentencing decision, Appellant was required to file a post-sentence motion to withdraw his plea or modify his sentence.

Indeed, Appellant did file a post-sentence motion to withdraw his plea, asserting that the trial court's sentence violated the terms of his negotiated plea agreement with the Commonwealth. However, he then withdrew that motion before the trial court could rule on it. Appellant also filed a post-sentence motion for reconsideration of his sentence, arguing for concurrent terms of incarceration, but that motion was untimely. Thus, Appellant forfeited the opportunity to withdraw his plea or seek sentencing

- 6 -

reconsideration on the basis that the court's imposition of a consecutive sentence violated the terms of his negotiated plea agreement.

Appellant seemingly recognized this fact when he filed a PCRA petition asserting that his trial counsel was ineffective for failing to object to the court's sentence as violative of Appellant's plea agreement, or advise Appellant to move to withdraw his plea. In rejecting this claim, the PCRA court found that Appellant's sentence conformed to his negotiated plea agreement. Appellant chose not to challenge that ruling on direct appeal.

Based on this record, we conclude that the trial court did not err in denying Appellant's Motion. Appellant did not pursue his post-sentence motion to withdraw his plea, or timely challenge the court's imposition of a consecutive term of incarceration in a motion for reconsideration of his sentence. He also failed to appeal when the PCRA court denied his request to withdraw his guilty plea after concluding that his sentence comports with his negotiated plea agreement. Accordingly, the trial court's purportedly sentencing Appellant more harshly than the negotiated plea agreement contemplated was legal, and there is no contrary plea agreement to enforce.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/23/2023