J-A04033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FRANK NELLOM | : | |
| | : | |
| Appellant | : | No. 734 EDA 2023 |

Appeal from the Order Entered February 28, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0007367-2018

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                **FILED FEBRUARY 26, 2024**

Appellant, Frank Nellom, appeals *pro se* from the dismissal of an untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541, *et. seq.*  A jury previously found him guilty of theft of services.[1]  Because Appellant's brief falls woefully short of complying with our Rules of Appellate Procedure, he finished serving his sentence, and Appellant never established grounds for jurisdiction for his underlying petition, we affirm.

On direct review, this Court previously adopted the following summary of the facts underlying Appellant's conviction:

> On or about September 20 of 2018, [Philadelphia Electric Company ("PECO")] employees Keith Steger and John Senkow

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3926(a)(1).

with the assistance of Darby police officer Thomas Takacs responded to 520 Keystone Avenue in Darby due to a complaint from PECO's claims department. The house's lights were on when Appellant answered the door. Appellant was the only person inside the residence. After gaining access to the meter in the basement, Mr. Steger and Mr. Senkow discovered the meter had been altered. The meter was a "foreign meter" that did not belong to the house. The meter's ring was missing, which posed a risk of causing an "electrical flash." The dirt on the meter indicated that it had been left out of the socket until fairly recently. In order to safely remove the meter, the service to the house had to be cut from the outside. Outside the tap connection that connected power to the house was loose, creating an unsafe environment.

At the same time, Appellant tried to barter with Mr. Senkow by offering to pay half of what he owed PECO in return for turning the power back on. Sometime later after his power was shut off, Appellant contacted PECO's customer support to have the power put on back as well. Investigation into the house at 520 Keystone Avenue determined that while Appellant did not own the house, documentation placed him at the address[,] and his business was being run out of the property.

Analytics indicated that the last date the meter took a reading was on May 10, 2017. A theft calculation conducted by PECO business [analyst] David Bucholtz determined that PECO should have received $2,478 from the location had the meter not been tampered with. The total calculation amounted to $3,658 including $1,180 for fees associated with needing to send out a team to cut the taps.

***Commownealth v. Nellom***, 234 A.3d 695, 697-98 (Pa. Super. 2020) (record citations omitted), ***citing*** Trial Court Opinion, 10/17/19, 2-3.

Appellant proceeded to be tried by a jury, *pro se* with the assistance of standby counsel, starting on April 9, 2019. On the next day, the jury found him guilty of one count of theft of services. N.T. 4/10/19, 39; Verdict Slip, 4/10/19, 1. It further found that the value of the stolen services exceeded

$50. *Id.* On June 3, 2019, the court sentenced Appellant to twenty-one to forty-two months' imprisonment, followed by three years' probation on the offense that was graded as a third-degree felony. N.T. 6/3/19, 20; Sentencing Order, 6/3/19, 1. The court also ordered Appellant to pay $3,659.00 in restitution to PECO. N.T. 6/3/19, 20; Sentencing Order, 6/3/19, 1.

On June 7, 2019, Appellant simultaneously filed, *pro se*, a post-sentence motion for reconsideration of sentence and a notice of appeal. On direct review, he challenged the sufficiency of the evidence, the court's refusal to permit him to present evidence concerning the billing history of the subject property and alleged payments made to PECO on Appellant's behalf by the Low Income Home Energy Assistance Program ("LIHEAP"), and the adequacy of the verdict slip. *Nellom*, 234 A.3d at 700-06. On June 10, 2020, this Court vacated the judgment of sentence and remanded in part for resentencing with Appellant's conviction graded as a second-degree misdemeanor. After the denial of an application for reargument, Appellant filed a petition for allowance of appeal. On April 13, 2021, our Supreme Court denied *allocatur*. *Commonwealth v. Nellom*, 252 A.3d 593 (Pa. 2021) (table) (551 MAL 2020). On July 14, 2021, the trial court resentenced Appellant to twelve to twenty-four months' imprisonment, with the same restitution amount.[2] N.T. 7/31/20, 6; N.T. 7/14/21, 4.

_____

[2] The trial court initially presided over a resentencing hearing on July 31, 2020, but the court needed to reimpose that new sentence following the denial of
*(Footnote Continued Next Page)*

On February 2, 2023, Appellant filed a petition *pro se* that he styled as a motion for a resentencing hearing and a motion for a judgment of acquittal. In the motion for a resentencing hearing, he did not state a claim for relief. He pointed out that the United States Court of Appeals for the Third Circuit denied him a certificate of appealability after the denial of a federal *habeas corpus* petition because he "ha[d] not yet been resentenced," and pleaded that he was "entitled to judgment in [his] favor or [a] miscarriage of justice result." Motion for a Resentencing Hearing, 2/2/23, 2 & Exhibit B, Certificate of Appealability Denial Order, 11/21/22, 1. In the motion for a judgment of acquittal, Appellant cited a portion of the notes of testimony from his preliminary hearing, alleging that it established his actual innocence, and requested that his theft conviction "be removed from the record." Motion for Judgment of Acquittal, 2/2/23, 1 & Exhibit A, N.T. 12/12/18, 10.

On February 28, 2023, the lower court issued an order denying both motions. On March 15, 2023, Appellant filed a *pro se* notice of appeal that initiated this appeal. This Court subsequently ordered the lower court to, *inter alia*, clarify whether the underlying motions constituted an initial PCRA petition

_____

*allocatur* because it lacked jurisdiction to conduct the 2020 resentencing hearing due to Appellant's filing of his petition for allowance of appeal with our Supreme Court. **See Commonwealth v. Salley**, 957 A.2d 320, 325 (Pa. Super. 2008) (a trial court lacks jurisdiction to proceed with an ordered resentencing hearing before a certified record has been remanded to the trial court and any judgment of sentence imposed before the record has been remanded is a legal nullity). This Court *sua sponte* quashed a direct appeal at 1622 EDA 2020 that Appellant filed after the improperly scheduled resentencing hearing. Superior Court Quashal Order, 6/14/21, 1.

- 4 -

and whether Appellant had been appointed counsel or otherwise waived counsel pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988). Superior Court Order, 4/21/23, 2.

In response to our order, the lower court convened a hearing. It conducted a waiver of counsel colloquy and Appellant maintained that he wished to proceed *pro se*, as he done so since trial in this case, and had done so in other matters since 1999. N.T. 6/14/23, 5-9, 11; **see also id.** at 15 ("No, I don't need counsel."). Appellant also confirmed that the issues raised in his *pro se* motions, filed on February 2, 2023, concerned issues "that are encompassed or contained" within the PCRA. **Id.** at 10 (Appellant: "Yes absolutely … It's the most important issue, actual innocence."); **see also id.** at 12 ("Just that it's based on actual innocence as recognized both in PCRA and federal law. It's the most important, I think, constitutional law that exists … It's when someone is – you know for a fact they're innocence, you know… and in this case it's real simple. You can't steal electricity with the meter, you know, and that was the case."). In a subsequent order, the lower court noted that it deemed that Appellant had waived his right to counsel "for his PCRA matter." Lower Court Order, 6/28/23, 1. The court also asserted that the motions, that are the focus of this appeal, were "not timely filed" and "d[id] not meet any exceptions under the PCRA rules, and as such, should be dismissed." **Id.**

Appellant's *pro se* brief pending with this Court consists of a two-page document with two numbered subsections with a request for relief and is

structured as if it were a motion that would be filed with the trial court. This brief falls well below the standards delineated in our Rules of Appellate Procedure. Specifically, the brief contains no statement of jurisdiction, no identification of the order or determination sought to be reviewed, no statement of the scope or standard of review, no statement of the case, no summary of the argument section, and does not set forth a specific statement of the questions involved. *See* Pa.R.A.P. 2111(a)(1)-(6). The failure to include a statement of questions involved "is particularly grievous since [it] defines the specific issues this Court is asked to review." ***Commonwealth v. Maris***, 629 A.2d 1014, 1016 (Pa. Super. 1993). Additionally, the "argument" portion of the appellant's brief does not contain separate sections with distinctive headings concerning the issues he purportedly wishes to raise on appeal, in violation of Pa.R.A.P. 2119(a).

We appreciate based on Appellant's statements at the June 14, 2023 hearing that he is proceeding *pro se* on appeal as he has done through this matter and in other matters over the past two decades. N.T. 6/14/23, 5-9, 11, 15. Although this Court will "liberally construe materials filed by a *pro se* litigant, [an] appellant is not entitled to any particular advantage because [he] lacks legal training." ***Elliot-Greenleaf, P.C. v. Rothstein***, 255 A.3d 539, 542 (Pa. Super. 2021) (citation omitted). Here, this Court cannot simply infer Appellant's claims from the limited information presented before us or develop arguments on his behalf. ***See In re R.D.***, 44 A.3d 657, 674 (Pa. Super. 2012) (this Court "will not act as counsel" or develop arguments on behalf of an

appellant). Accordingly, we conclude Appellant's claims are waived due to his widespread failure to comply with our Rules of Appellate Procedure. ***See Butler v. Illes***, 747 A.2d 943, 944 (Pa. Super. 2000) ("When issues are not properly raised and developed in briefs, when briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation and internal quotation marks omitted).

Even if non-compliance with the Rules of Appellate Procedure were not at issue in this instance, we notice two additional impediments to our review which Appellant completely fails to address. First, Appellant agrees that the claims presented in his underlying motions were within the ambit of the PCRA, N.T. 6/14/23, 10, 12, however, he no longer appears to be eligible for relief under the PCRA because he finished serving his sentence. When Appellant was originally sentenced, the trial court gave him credit for time served starting on April 10, 2019, and did not designate his imprisonment term to be served consecutive to any other existing term of sentence. Sentencing Order, 6/3/19, 1. The trial court then resentenced Appellant to an imprisonment term of twelve to twenty-four months on July 14, 2021. Given the prior time-credit award, Appellant finished serving his sentence on April 10, 2021, well before he filed the underlying motions constituting a PCRA petition on February 2, 2023.

To be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at issue. 42 Pa.C.S. § 9543(a)(1)(i). Thus, our Supreme Court has held that "the denial

of relief for a petitioner who has finished serving his sentence is required by the plain language of the statute." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997). Since Appellant is no longer serving any sentence in this case, and he is thus ineligible for PCRA relief, the trial court would have been constrained in any event to deny the underlying motions constituting a PCRA petition. ***Cf. Commonwealth v. Turner***, 80 A.3d 754, 769 (Pa. 2013) (holding that when a petitioner's sentence expires while his PCRA petition is pending before the PCRA court, the PCRA court loses jurisdiction to rule on the merits of the petition); ***Commonwealth v. Fisher***, 703 A.2d 714, 716 (Pa. Super. 1997) ("the [PCRA] preclude[s] relief for those petitioners whose sentences have expired, regardless of the collateral consequences of their sentence").

Second, even if Appellant was eligible for PCRA relief, this Court would lack jurisdiction to conduct any substantive review due to the untimeliness of Appellant's petition for PCRA relief and his failure to plead and offer to prove the applicability of any statutory time-bar exception that would permit review of the petition.

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final" unless an exception to timeliness applies. 42 Pa.C.S. § 9545(b)(1). Where Appellant was resentenced on July 14, 2021, his judgment of sentence became final on August 13, 2021, thirty days after the resentencing hearing when he failed to file a direct appeal. ***See*** 42 Pa.C.S. § 9545(b)(3) (a

judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking review). Appellant had until August 13, 2022, to timely file a PCRA petition. Appellant's combined motions constituting an initial PCRA petition, filed on February 2, 2023, were more than five months late.

To obtain review of his untimely PCRA petition, Appellant was required to plead and prove the applicability of one of three statutory exceptions to the PCRA's timeliness requirements that are found at 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Here, Appellant does not appear to have ever acknowledged the timeliness of his PCRA petition, let alone addressed any of the exceptions set forth in Section 9545(b)(1)(i)-(iii). On this basis alone, the PCRA court lacked jurisdiction to address the issues presented below and grant any relief. **See** **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that a PCRA court lacks jurisdiction hear an untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the motions constituting Appellant's untimely PCRA petition.

We note that Appellant was not appointed counsel when litigating his underlying motions constituting a first PCRA petition. Ordinarily, "a PCRA petitioner is entitled to the assistance of counsel to litigate a first PCRA petition." **Commonwealth v. Snook**, 230 A.3d 438, 446 n.2 (Pa. Super. 2020); Pa.R.Crim.P. 904(c) (stating an indigent defendant is entitled to appointment of counsel for litigation of a first PCRA petition). However, we have held that when a first-time PCRA petitioner has served the sentence that

he is challenging yet has been denied the right to counsel, "remanding for appointment of counsel … [is] a futile act." ***Snook***, 230 A.3d at 446 n.2. In that vein, "the law does not require the performance of a futile act," and not remanding is harmless error. ***Commonwealth v. Hart***, 911 A.2d 939, 942 (Pa. Super. 2006). The reason for appointing counsel, even where a petition appears to be untimely filed, is to assist an indigent petitioner in establishing a timeliness exception. ***Id.*** Where the petitioner has finished serving the sentence at issue, it is a legal impossibility to establish the applicability of one of the necessary time-bar exceptions to achieve relief, as the statute is inapplicable. ***Id.*** Thus, it does not serve Appellant to appoint counsel to litigate the current petition because he completed the sentence at issue in 2021. ***See Snook***, 230 A.3d at 446 n.2, ***citing Hart, supra,*** 911 A.2d at 942; ***Commonwealth v. Hardcastle***, 701 A.2d 541, 542 (Pa. 1997) (explaining PCRA court is not required to hold evidentiary hearing where is no genuine issue concerning any material fact, petitioner is not entitled to relief, and no purpose would be served by any further proceedings).

For the foregoing reasons, we decline to engage in any substantive review and affirm the dismissal of Appellant's motions constituting an untimely PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>2/26/2024</u>