J-S02026-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOSHUA MICHAEL SNOOK | : | |
| | : | |
| Appellant | : | No. 1198 MDA 2019 |

Appeal from the PCRA Order Entered July 12, 2019
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000094-2013

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                **FILED: FEBRUARY 5, 2020**

Appellant, Joshua Michael Snook, appeals *pro se* from the order entered in the Snyder County Court of Common Pleas, which denied his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm in part, vacate in part, and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On February 17, 2013, Appellant's wife, Jennifer Snook, drove Appellant to his grandparents' home to retrieve a gun to shoot an individual with whom Appellant had argued that evening.  While in his grandparents' home, Appellant fatally wounded his grandmother with a knife and cut the arm and/or wrist of his grandfather.  On March 20, 2014, Appellant entered a negotiated guilty plea to third-degree murder and a *nolo contendere* plea to aggravated

_____

[1] 42 Pa.C.S.A. § 9541-9546.

assault and conspiracy to commit murder. In exchange, the Commonwealth agreed to, *inter alia*: (i) the entry of *nolle prossequi* on all remaining charges; (ii) permit Appellant to communicate with his wife, who had been charged as a co-defendant in the case, after sentencing; and (iii) recommend an aggregate term of twenty (20) to sixty (60) years' incarceration. The court accepted the plea as knowing, intelligent, and voluntary, and imposed the negotiated sentence on April 23, 2014. The sentencing order included a provision permitting Appellant to correspond with his wife. Appellant did not file post-sentence motions or a direct appeal. Subsequently, co-defendant Mrs. Snook also entered a guilty plea and received a sentence of incarceration for her role in the events of February 17, 2013.

Appellant timely filed *pro se* his first PCRA petition on April 24, 2015. On April 28, 2015, the PCRA court appointed counsel, who filed an amended PCRA petition on July 23, 2015. In the amended petition, Appellant asserted plea counsel had rendered ineffective assistance for, *inter alia*, inducing Appellant to enter into an unenforceable plea agreement. Specifically, Appellant averred it was impossible for him to communicate with his wife after sentencing due to a Department of Corrections ("DOC") policy prohibiting communication between co-defendants. The PCRA court conducted an evidentiary hearing on October 13, 2015.

On March 29, 2016, by agreement of the parties, the PCRA court: (i) deemed plea counsel ineffective for advising Appellant to enter a plea

- 2 -

agreement which included a term that was impossible to fulfill; (ii) vacated the April 2014 judgment of sentence; (iii) and ordered resentencing. That same day, Appellant entered a new negotiated guilty plea to third-degree murder and *nolo contendere* plea to aggravated assault and conspiracy to commit murder. The terms of the parties' new plea agreement omitted the provision allowing for communication with co-defendant Mrs. Snook, and included the Commonwealth's agreement to a reduced sentence of sixteen (16) to sixty (60) years' incarceration. After conducting a new oral plea colloquy on the record, the court accepted the plea as knowing, intelligent, and voluntary, and imposed the new negotiated aggregate sentence of sixteen (16) to sixty (60) years' incarceration. Following sentencing, the court informed Appellant of his post-sentence and appellate rights. Appellant, however, filed no post-sentence motions or direct appeal.

On March 30, 2017, Appellant timely filed *pro se* his first PCRA petition from the March 29, 2016 judgment of sentence. The PCRA court appointed new counsel on April 3, 2017. On July 12, 2017, Appellant filed an amended PCRA petition, asserting original PCRA counsel was ineffective during the March 29, 2016 plea proceedings because counsel failed to, *inter alia*, object to the plea colloquy as insufficient where neither the court nor counsel had explained the *mens rea* for malice.

On June 15, 2018, again by the parties' agreement, the PCRA court vacated the March 2016 judgment of sentence based on the deficient plea

- 3 -

colloquy. Appellant then entered a new negotiated guilty plea to third-degree murder and *nolo contendere* plea to aggravated assault and conspiracy to commit murder. As part of the new plea agreement, the Commonwealth agreed, *inter alia*, to a reduced aggregate sentence of twelve (12) to forty (40) years' incarceration, and to return Appellant's personal property. In exchange, Appellant expressly waived: (i) his right to appeal from the new judgment of sentence; and (ii) any future PCRA claims. Following a new oral plea colloquy, the court accepted the plea as knowing, intelligent, and voluntary, and resentenced Appellant to an aggregate twelve (12) to forty (40) years' incarceration, per the plea agreement. The sentencing order memorialized the terms of the parties' plea agreement, in relevant part, as follows:

> 9. It is hereby additionally ordered that as part of this sentence the following:
>
> > 9.1. [Appellant] has waived his right to appeal this sentence and has additionally waived all of claims with respect to the filing of petitions for Post-Conviction Relief in regard to his entire criminal case.
> >
> > 9.2. The Commonwealth shall return to [Appellant] the following items of personal property after the expiration of the 30-day appeal period from this sentence:
> >
> > > His wallet, his Social Security card, his keys seized from his home filing cabinet, his birth certificate, and two iPhones.

(Sentencing Order, filed June 15, 2018). Appellant filed no post-sentence motions or direct appeal.

- 4 -

On June 11, 2019, Appellant timely filed *pro se* the current PCRA petition, which was his first petition from the June 15, 2018 judgment of sentence. In his petition, Appellant asserted several claims of ineffective assistance of counsel. Appellant also complained the Commonwealth failed to comply with the June 15, 2018 plea agreement, because it had not returned Appellant's personal property. On June 28, 2019, the court issued notice of its intent to dismiss the petition without a hearing per Pa.R.Crim.P. 907; Appellant responded *pro se* on July 9, 2019. On July 12, 2019, the PCRA court denied Appellant's petition as an untimely serial PCRA petition filed from the original April 2014 judgment of sentence. Appellant filed *pro se* a timely notice of appeal and a voluntary concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b) on July 22, 2019.

Appellant raises the following issues for our review:

> DID THE PCRA COURT ERR IN REJECTING [APPELLANT'S] CLAIM THAT THE COMMONWEALTH IS IN BREACH OF APPELLANT'S PLEA AGREEMENT AND SENTENCING ORDER OF JUNE 15, 2018?

> DID THE PCRA COURT ERR IN DISMISSING APPELLANT'S PCRA [PETITION] AS "UNTIMELY" AS IT WAS FILED WITHIN ONE YEAR OF THE FINAL JUDGMENT OF SENTENCE OF JUNE 15, 2018?

> DID THE PCRA COURT ERR/ABUSE ITS DISCRETION IN FAILING TO HOLD AN EVIDENTIARY HEARING WHERE APPELLANT RAISED ISSUES OF MATERIAL FACT THAT WOULD ENTITLE HIM TO RELIEF?

> DID THE PCRA COURT ERR IN FAILING TO APPOINT PCRA COUNSEL AND ORDERING AMENDMENT OF APPELLANT'S CLAIMS?

> DID THE PCRA COURT ERR WHEN FAILING TO ADDRESS/CORRECT THE MISCARRIAGE OF JUSTICE RESULTING FROM COMMONWEALTH'S BREACH OF APPELLANT'S PLEA AGREEMENT AND SENTENCING ORDER?
>
> DID THE PCRA COURT ERR, AS A MATTER OF LAW, WHEN FAILING TO REACH THE MERITS OF APPELLANT'S REMAINING CLAIMS THAT ARE NOW RESURRECTED, AS A MATTER OF LAW, DUE TO THE COMMONWEALTH'S BREACH OF APPELLANT'S PLEA AGREEMENT AND SENTENCING ORDER?

(Appellant's Brief at 4).

For purposes of disposition, we combine Appellant's issues. Appellant argues his current PCRA petition is a first, timely petition filed from the June 15, 2018 judgment of sentence. Appellant contends the PCRA court erred when it failed to appoint PCRA counsel and hold an evidentiary hearing. Appellant avers plea counsel was ineffective for, *inter alia*, inducing Appellant into entering unknowing and unintelligent pleas where counsel should have investigated Appellant's intoxication on the night at issue as a possible defense. Appellant also maintains the Commonwealth breached the June 15, 2018 plea agreement when it failed to return Appellant's personal property, which was an express term of the parties' agreement. Appellant concludes this Court should reverse the denial of PCRA relief and remand for further proceedings. We agree some limited relief is due.

Preliminarily, a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final

- 6 -

"at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

A petition for collateral relief will generally be considered a PCRA petition if it raises issues cognizable under the PCRA. *See Commonwealth v. Peterkin*, 554 Pa. 547, 553, 722 A.2d 638, 640 (1998); 42 Pa.C.S.A. § 9542 (stating PCRA shall be sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for same purpose). The plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA. *Commonwealth v. Hall*, 565 Pa. 92, 96-97, 771 A.2d 1232, 1235 (2001). Ineffective assistance of counsel claims are generally cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543(a)(2)(ii) (stating claim of ineffective assistance of counsel is cognizable under PCRA).

"On the other hand, a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance. The designation of the petition does not preclude a court from deducing the proper nature of a pleading." *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa.Super. 2019) (internal citations and quotation marks omitted).

Plea bargains play a critical role in the criminal justice system of this

Commonwealth:

> With respect to plea bargains, [t]he reality of the criminal justice system is that nearly all criminal cases are disposed of by plea bargains: [n]inety-seven percent of federal convictions and ninety-four percent of state convictions are the result of guilty pleas. Plea bargaining is not some adjunct to the criminal justice system; it is the criminal justice system. Accordingly, it is critical that plea agreements are enforced, to avoid any possible perversion of the plea bargaining system. The disposition of criminal charges by agreement between the prosecutor and the accused, …is an essential component of the administration of justice. Properly administered, it is to be encouraged. In this Commonwealth, the practice of plea bargaining is generally regarded favorably, and is legitimized and governed by court rule…. A "mutuality of advantage" to defendants and prosecutors flows from the ratification of the bargain.

> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to—and seek enforcement of—terms that fall outside these areas.

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

> Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity. Regarding the Commonwealth's duty to honor plea agreements, well-

settled Pennsylvania law states:

> Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.
>
> Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement.

***Commonwealth v. Farabaugh***, 136 A.3d 99, 1001-02 (Pa.Super. 2016), *appeal denied*, 643 Pa. 140, 172 A.3d 1115 (2017) (internal citations and quotation marks omitted).  Further: "[T]he convicted criminal is entitled to the benefit of his bargain through specific performance of the terms of the plea agreement.  Thus, a court must determine whether an alleged term is part of the parties' plea agreement.  If the answer to that inquiry is affirmative, then the convicted criminal is entitled to specific performance of the term." ***Commonwealth v. Martinez***, 637 Pa. 208, 233, 147 A.3d 517, 532-33 (2016) (some internal citations omitted).

Significantly, defendants can waive valuable rights as part of a plea bargain, including the right to appeal, in exchange for important concessions by the Commonwealth, so long as the defendant's waiver is knowing, intelligent, and voluntary.  ***See, e.g., Commonwealth v. Barnes***, 687 A.2d 1163 (Pa.Super. 1996), *appeal denied*, 548 Pa. 613, 693 A.2d 585 (1997) (holding defendant's waiver of right to file motion for post-trial relief in

exchange for Commonwealth's agreement not to seek death penalty was valid). ***See also Commonwealth v. Byrne***, 833 A.2d 729, 736 (Pa.Super. 2003) (stating: "We are aware of no authority that provides an impediment to a defendant's express, knowing, and voluntary waiver of a statutory right if that waiver is key in obtaining a bargained-for exchange from the Commonwealth").

Instantly, Appellant's June 15, 2018 judgment of sentence became final on July 15, 2018, after expiration of the time for Appellant to file a direct appeal in this Court. ***See*** 42 Pa.C.S.A. § 9545(b)(3). ***See also*** Pa.R.A.P. 903(a) (stating appellant has 30 days to file notice of appeal in this Court). The PCRA court deemed Appellant's current filing a serial PCRA petition from the original April 2014 judgment of sentence, and denied Appellant's petition as untimely. The April 2014 judgment of sentence, however, no longer stood at the time Appellant filed the current PCRA petition. Rather, the record confirms the March 29, 2016 proceedings resulted in the vacation of the April 2014 judgment of sentence, entry of a new plea agreement with different terms, and entry of a new judgment of sentence. Likewise, during the June 15, 2018 proceedings, the court vacated the March 29, 2016 judgment of sentence, Appellant entered a new plea agreement with different terms, and the court imposed a wholly new judgment of sentence against Appellant. Therefore, Appellant's current June 11, 2019 PCRA petition represented Appellant's **first** PCRA petition from the June 15, 2018 judgment of sentence,

which was timely filed.  **See** 42 Pa.C.S.A. § 9545(b)(1).

Nevertheless, Appellant expressly waived his right to PCRA review as part of the June 15, 2018 plea agreement, in exchange for the Commonwealth's sentencing reduction.  **See Byrne, supra**; **Barnes, supra**. Appellant does not challenge on appeal the validity of his waiver of appellate rights.  Consequently, Appellant is precluded from raising his current ineffective assistance of counsel claims, which are otherwise cognizable under the PCRA.  **See** 42 Pa.C.S.A. § 9543(a)(2)(ii).  Thus, we affirm the court's denial of PCRA relief, albeit on different grounds.[2]  **See Commonwealth v. Reese**, 31 A.3d 708, 727 (Pa.Super. 2011) (*en banc*) (stating appellate court may affirm order of trial court on any basis if ultimate decision is correct).

Appellant's claim regarding the return of his personal property, however, constitutes a claim to enforce the bargained-for exchange he made in the June 15, 2018 plea agreement and falls **outside** of the PCRA.  **See**

---

[2] Ordinarily, a PCRA petitioner is entitled to the assistance of counsel to litigate a first PCRA petition.  **See** Pa.R.Crim.P. 904(c) (stating indigent defendant is entitled to appointment of counsel for litigation of first PCRA petition).  Under these circumstances, however, remanding for appointment of counsel concerning Appellant's PCRA claims would be a futile act.  **See, e.g., Commonwealth v. Hart**, 911 A.2d 939, 942 (Pa.Super. 2006) (explaining failure to appoint counsel for first-time PCRA petitioner who has served his sentence is harmless error; remand would be futile act under such circumstances because defendant who has already served sentence is ineligible for PCRA relief).  Additionally, the court was not required to hold an evidentiary hearing on Appellant's PCRA claims.  **See Commonwealth v. Hardcastle**, 549 Pa. 450, 701 A.2d 541 (1997) (explaining PCRA court is not required to hold evidentiary hearing where there is no genuine issue concerning any material fact, petitioner is not entitled to PCRA relief, and no purpose would be served by any further proceedings).

***Kerns, supra***. ***See also*** 42 Pa.C.S.A. § 9543(a)(2) (enumerating cognizable issues under PCRA). The court failed to address Appellant's claim alleging a breach of the plea agreement when it denied Appellant's June 11, 2019 filing. Therefore, we vacate the court's July 12, 2019 order only with respect to Appellant's claim to enforce the plea bargain and remand for consideration of whether Appellant was denied his bargained-for exchange regarding return of his property. Accordingly, we affirm the July 12, 2019 order denying PCRA relief, vacate the order regarding Appellant's claim to enforce the plea agreement, and remand for further proceedings.

Order affirmed in part; vacated and remanded in part. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/05/2020