J-S20036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BONNIE JEAN KLINGENSMITH | : | |
| | : | |
| Appellant | : | No. 968 WDA 2021 |

Appeal from the PCRA Order Entered July 27, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0003606-2019

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                **FILED:  October 13, 2022**

Appellant, Bonnie Jean Klingensmith, appeals from the order entered in the Allegheny County Court of Common Pleas, which dismissed her first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The facts and procedural history of this case are as follows.  On September 23, 2019, Appellant pled guilty to driving under the influence ("DUI")—second offense and disorderly conduct.  In exchange for her guilty plea, the Commonwealth withdrew other charges.  That same day, the court sentenced her to 90 days of house arrest plus 18 months of probation. Appellant did not file post-sentence motions or a direct appeal.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On February 5, 2020, Appellant sent a letter to the court requesting PCRA relief.[2] The court appointed counsel, who filed an amended petition on April 10, 2020, and a supplement to the amended petition on August 13, 2020. On September 30, 2020, the PCRA court filed notice of its intent to dismiss per Pa.R.Crim.P. 907. Appellant filed a response on October 8, 2020. The court dismissed the PCRA petition on July 27, 2021. Appellant filed a timely notice of appeal on August 19, 2021. On August 26, 2021, the PCRA court ordered her to file a concise statement of errors complained of on appeal. Appellant complied on August 30, 2021.

Appellant raises the following issues on appeal:

> Whether the [PCRA c]ourt erred or abused its discretion in failing to grant the Appellant's requested relief under the PCRA of allowing Appellant to withdraw her plea as the record is clear that her plea was unknowing, unintelligent and involuntary?

> Whether the [PCRA c]ourt erred or abused its discretion in failing to grant Appellant an evidentiary hearing in this matter?

(Appellant's Brief at 4).

As a preliminary matter, we observe that an appellant must be "currently serving a sentence of imprisonment, probation or parole for the crime" for which relief is requested to be eligible for PCRA relief. *See* 42 Pa.C.S.A § 9543(a)(1)(i). Our Supreme Court has upheld this requirement

---

[2] This letter is not included in the certified record.

even where the PCRA petitioner filed the petition while still serving a sentence. *See Commonwealth v. Ahlborn*, 548 Pa. 544, 550, 699 A.2d 718, 721 (1997) (concluding that despite filing petition while still serving his sentence, appellant was ineligible for relief because he was not currently serving sentence).

Instantly, the court sentenced Appellant on September 23, 2019, to 90 days of house arrest followed by 18 months of probation. The record confirms Appellant finished serving the house arrest portion of her sentence in December 2019, at which time her probationary period commenced. Accordingly, Appellant has completed serving her sentence for the crimes at issue. Therefore, we are constrained to conclude that Appellant is ineligible for PCRA relief. *See* 42 Pa.C.S.A. § 9543(a)(1)(i); *Ahlborn, supra*. Thus, we affirm the court's denial of PCRA relief, albeit on different grounds. *See Commonwealth v. Snook*, 230 A.3d 438, 445-46 (Pa.Super. 2020) (stating appellate court may affirm order on any basis if ultimate decision is correct).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/13/2022</u>