J-S36040-24

2024 PA Super 281

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER THOMAS ADAMS | : | |
| | : | |
| Appellant | : | No. 297 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000156-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYLER THOMAS ADAMS | : | |
| | : | |
| Appellant | : | No. 427 MDA 2024 |

Appeal from the Judgment of Sentence Entered February 1, 2024
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s): CP-49-CR-0000154-2021

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.: **FILED: NOVEMBER 21, 2024**

Appellant, Tyler Thomas Adams, appeals from the aggregate judgment of sentence of 2 to 6 years' incarceration, imposed after he pled guilty to aggravated assault, 18 Pa.C.S. § 2702(a)(4), carrying a firearm without a license, 18 Pa.C.S. § 6106(a)(1), and criminal conspiracy to commit robbery, 18 Pa.C.S. § 903. On appeal, Appellant contends that the trial court erred by

denying his two motions to dismiss under Pa.R.Crim.P. 600. After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to our disposition of his appeal. We need only note that a criminal complaint was filed on October 30, 2020, in case CP-49-CR-0000154-2021 (hereinafter "case 154"), charging Appellant with various offenses including robbery and conspiracy to commit robbery.[1] In case CP-49-CR-0000156-2021 (hereinafter "case 156"), a criminal complaint was filed on January 14, 2021, charging Appellant with offenses including aggravated assault, possession of a firearm by a person prohibited, and carrying a firearm without a license.

Appellant's cases were consolidated. On April 11, 2022, Appellant filed a Rule 600 motion to dismiss both cases, which the court denied on July 12, 2022. Appellant filed a second motion to dismiss his cases on May 3, 2023, which the court again denied on August 3, 2023. Ultimately, on December 4, 2023, Appellant pled guilty to aggravated assault, carrying a firearm without a license, and criminal conspiracy to commit robbery. On February 1, 2024, he was sentenced to the aggregate term set forth *supra*.

---

[1] Appellant states that the complaint in case 154 was filed on October 28, 2020. **See** Appellant's Brief at 9 (unnumbered). However, the date on the first page of the criminal complaint contained in the certified record bears a filing date of October 30, 2020.

Appellant filed a timely notice of appeal on February 22, 2024.[2] Although it does not appear that the court ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Appellant filed a statement on March 18, 2024. On May 13, 2024, the trial court issued a "Statement in Lieu of Opinion" concluding that Appellant's Rule 600 issues are waived but, alternatively, it is relying on the rationale set forth in its July 12, 2022 order denying his motion to dismiss.

Herein, Appellant states two issues for our review:

Question 1: Did the [trial c]ourt abuse its discretion when it denied Appellant's Motion to Dismiss pursuant to Rule 600 without [a] hearing or any evidence being presented?

Question 2: Did the [trial c]ourt abuse its discretion when it denied Appellant's Motion to Dismiss pursuant to Rule 600 where the Commonwealth failed to act with due diligence in bringing Appellant to trial within the time limit required by Rule 600?

Appellant's Brief at 8 (unnumbered).[3]

_____

[2] Initially, Appellant filed a single notice of appeal listing the docket numbers for both his cases in violation of **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring appellants to file separate notices of appeal when single order resolves issues arising on more than one lower court docket). In light of **Commonwealth v. Young**, 280 A.3d 1049, 1057 (Pa. Super. 2022) (holding when there is **Walker** defect in appeal to which Pa.R.A.P. 902 applies, default position is to allow correction of defect unless good cause is shown by opposing party), we directed Appellant to file amended notices of appeal. He timely complied, and we consolidated his appeals *sua sponte* on April 23, 2024.

[3] Appellant does not delineate these two issues as separate claims in the Argument section of his brief, as required by Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type
*(Footnote Continued Next Page)*

Before we address Appellant's Rule 600 claims, we discuss the trial court's determination that he waived these issues because he "entered a plea and was sentenced[,]" and he "did not reserve the right to appeal the Rule 600 issue as part of the plea agreement or at the time of his plea or sentence." Statement in Lieu of Opinion, 5/13/24, at 2 (unnumbered). As stated above, Appellant filed his motions to dismiss under Rule 600 in April of 2022 and May of 2023, both of which were denied. He then pled guilty on December 4, 2023.

> Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" [**Commonwealth v. Eisenberg**, 98 A.3d 1268,] 1275 [(Pa. 2014)] (citation omitted). A guilty plea, however, does not always extinguish all claims outside of these three categories. In **Commonwealth v. Singleton**, 169 A.3d 79 (Pa. Super. 2017), this Court recognized that defendants may enter a guilty plea conditioned on the preservation for appeal of issues outside of these categories. [**Id.**] at 81-82 (stating that[,] "[w]hile our courts have not specifically addressed the validity of conditional plea agreements, our courts have proceeded to review the merits of issues specifically reserved in plea agreements"[)](citations omitted)[]. Therefore, an issue may be properly preserved for appeal, despite entry of a guilty plea, if a defendant raised that issue prior to entering a guilty plea **and specifically reserved the right to seek appellate review of that issue as part of the plea agreement. See id.**; **accord Eisenberg**, 98 A.3d at 1274-75 (concluding that the defendant "adequately preserved his []claim for [Pa.R.A.P.] 302 purposes at the plea hearing"). In reviewing the terms of a plea agreement, we approach the plea agreement as a contract, "to be analyzed under contract-law standards." **Commonwealth v. Snook**, 230 A.3d 438, 444 (Pa. Super.

---

distinctively displayed--the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent."). Nevertheless, our review is not meaningfully impacted by this briefing error.

2020). In a dispute over the terms of a plea agreement, "[a]ny ambiguities … will be construed against the Government." *Id.*

*Commonwealth v. Speed*, --- A.3d ----, 2024 PA Super 206, *2 (filed Sept. 11, 2024) (emphasis added).

In *Eisenberg*, our Supreme Court held that, although Eisenberg pled guilty, he had preserved a claim that a mandatory fine for one of his offenses was unconstitutionally excessive. The Court pointed to the fact that, at the plea hearing, Eisenberg's "[c]ounsel specifically referenced the Cruel Punishments Clause of Article 1, Section 13 of the Pennsylvania Constitution," "articulated an objection sounding in terms of disproportionality and excessiveness," and "labeled the fine 'draconian[.]'" *Eisenberg*, 98 A.3d at 1275. Additionally, the Court noted that "the trial court plainly understood the gravamen of the claim," and "conveyed at the outset of its remarks, … that the constitutional issue would ultimately not be resolved in that trial courtroom." *Id.*

Similarly, in *Speed*, this Court concluded that Speed's Rule 600 claim was not waived even though he pled guilty. We relied on the fact that, at Speed's guilty plea proceeding, he "and the Commonwealth disagreed on whether the terms of the plea agreement prevented [Speed] from raising a Rule 600 claim on appeal[,]" and the trial court specifically concluded that the "plea agreement [did] *not* preclude" Speed from doing so. *Speed*, *supra* at *2 (emphasis added). The *Speed* panel also noted that, "[a]fter the trial court made clear that it considered [Speed's] Rule 600 appeal rights to be preserved in his offer to plead guilty, the Commonwealth did not withdraw

from its plea agreement with [Speed]." ***Id.*** Therefore, we found that Speed could raise his Rule 600 issue on appeal. ***Id.***

We cannot reach the same conclusion in the instant case. At Appellant's plea proceeding, the Commonwealth stated the offenses to which Appellant was pleading guilty, and then declared:

> [The Commonwealth]: Your Honor, the terms of the plea agreement are that … the [sentences for Appellant's] charges are to be run concurrent to his current incarceration sentence in Union County, and that the sentence is to be within the standard range. All other remaining charges and counts shall be dismissed and those are the terms of the plea agreement, [Y]our Honor.

N.T. Plea, 12/4/23, at 2-3. Defense counsel stated, "That's correct, [Y]our Honor." ***Id.*** at 3. At no point did defense counsel, or Appellant during his oral colloquy, mention Rule 600 or indicate that Appellant wished to preserve for appeal a challenge to the court's denial of his Rule 600 motions to dismiss. ***Id.*** at 3-7.

Similarly, at Appellant's sentencing proceeding, there was also no mention of any Rule 600 issue. There, the court restated the terms of Appellant's plea consistently with the Commonwealth's recitation, quoted *supra*. ***See*** N.T. Sentencing, 2/1/24, at 7. Afterward, Appellant's counsel said he had "[n]othing further[,]" ***id.***, and when the court asked Appellant if there was "anything [he] would like to tell the [c]ourt before [it] impose[d his] sentences[,]" Appellant replied, "No, sir." ***Id.*** at 8.

Unlike in ***Eisenberg*** and ***Speed***, there was no mention of any Rule 600 issue at Appellant's plea proceeding or sentencing hearing that would indicate

this issue was preserved, nor anything to even suggest ambiguity in this regard. Therefore, we agree with the trial court that by pleading guilty, Appellant waived his challenge to the court's denial of his motions to dismiss under Rule 600.

Judgment of sentence affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/21/2024