J-S36028-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TRISTAN CANNON | : | |
| | : | |
| Appellant | : | No. 731 MDA 2024 |

Appeal from the PCRA Order Entered March 25, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003374-2015

BEFORE: LAZARUS, P.J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:     **FILED: DECEMBER 30, 2024**

Tristan Cannon appeals *pro se* from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. He argues the court prematurely dismissed his petition without considering whether his sentence violated his plea agreement. We affirm.

Cannon entered a negotiated guilty plea on January 14, 2016, to third-degree murder and attempted murder.[1] Prior to the plea hearing, Cannon executed a written document titled, "Statement Accompanying Defendant's Request to Enter a Guilty Plea." It states that Cannon agreed to a sentence of 20 to 40 years' incarceration for third-degree murder and a sentence of five to 10 years' incarceration for attempted murder. **See** Statement, 1/14/16, at

---

[1] **See** 18 Pa.C.S.A. §§ 2502(c) and 901(a), respectively. According to the notes of testimony, Cannon shot Savon Branford, killing him, and shot his sister, Ilana Cannon, in the hand. **See** N.T., 1/14/16, at 3.

1. The document is silent on whether the proposed sentences would run concurrently or consecutively.

At the plea hearing, the Commonwealth stated that the agreement was for the attempted murder sentence (Count 2) to run "consecutively and not concurrently" to the third-degree murder sentence (Count 3). N.T. at 4. The court accepted the plea agreement. *Id.* at 6. It asked Cannon whether he had any questions, and Cannon responded in the negative. *Id.* at 7.

The court accordingly sentenced Cannon, at the same hearing, to 20 to 40 years' incarceration for third-degree murder (Count 3), followed by five to 10 years' incarceration for attempted murder (Count 2). *Id.* at 8-10. The aggregate sentence was 25 to 50 years' incarceration. The court explained the consecutive nature of the sentences:

> THE COURT: Then the sentence of this Court, with regard to Count 3, is that the defendant be committed for a period of not less than 20 years, no more than 40 years to the Bureau of Corrections for confinement in a state correctional facility. The sentence is effective this date. . . . **And then we have it set up that the second one, Count 2 will be at the expiration, okay**. . . .
>
> . . . And with regard to Count 2, with regard to Count 2, the sentence is that the defendant be committed for a period of not less than five years, no more than 10 years to the Bureau of Corrections for confinement in a state correctional facility. . . .
>
> **So this sentence shall commence at the expiration of the sentence imposed in . . . Count 3**. And we wouldn't really have any credit time in this case or would we? No, we wouldn't because it is **consecutive**. . . .
>
> . . . And the way that I have imposed sentence, is that Count 3 begins, and then Count 2 is **consecutive**, correct? . . .

[Defense counsel]: Correct.

*Id.* at 8-10 (emphasis added). On the motion of the Commonwealth, the court dismissed the remaining charges, including first-degree murder. *Id.* at 10. The court again asked Cannon if he had any questions, to which Cannon responded, "No." *Id.* at 11. Cannon did not file post-sentence motions or a direct appeal.

Cannon filed his first PCRA petition in December 2018. In it, he alleged the court had illegally imposed a mandatory minimum sentence on his third-degree murder charge. The court appointed counsel, who filed a no-merit letter and requested leave to withdraw. The PCRA court dismissed the petition as untimely and granted counsel's request. Cannon did not appeal.

On January 31, 2024, Cannon filed the instant petition, labeled as a PCRA petition, *pro se*. He alleged his plea was not knowingly, voluntarily, and intelligently entered, his plea counsel was ineffective, and his sentence was illegal. Cannon again asserted that the court had illegally imposed a mandatory minimum sentence, and that he had not realized a mandatory minimum sentence applied when he entered his plea. He also claimed he had believed that his sentences would run concurrently, and not consecutively. He argued that "some time following [his] trial/plea proceedings and after sentencing," he received a copy of his sentencing guidelines forms, and that they show he was sentenced to a mandatory minimum. PCRA Petition, 1/31/24, at 7.

The court gave notice of its intent to dismiss his petition without a hearing. *See* Order and Notice of Intent to Dismiss, 2/14/24. The court found the petition was filed over a year after Cannon's judgment of sentence had become final. *See id.* at 3-5 (citing 42 Pa.C.S.A. § 9545(b)(1), (b)(3)). The court also found that Cannon had failed to plead or prove any of the exceptions to the one-year deadline applied. *See id.* at 5-10 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)). First, it observed that Cannon "failed to advance any argument suggesting that his alleged illegal sentence resulted from interference from any government official." *Id.* at 6 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)). It next found the Supreme Court had not recently recognized any rights that retroactively apply to Cannon's case. *Id.* at 6-7 (citing 42 Pa.C.S.A. § 9545(b)(1)(iii)). Finally, it found Cannon's receipt of his sentencing guidelines forms did not qualify his claim as timely under the exception for newly discovered facts because (1) he did not plead the date he received the forms, (2) the forms do not reflect that his sentence included a mandatory minimum, (3) the forms state that the sentences would not be run concurrently, and (4) the transcript of the plea hearing shows that the court stated the sentences would be run consecutively. *Id.* at 8-10 (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)). The court also noted that even if the petition were timely, his claims were either previously litigated or waived by his first PCRA petition. *Id.* at 3 n.6 (citing 42 Pa.C.S.A. § 9543(a)(3)).

Cannon filed a *pro se* response. He alleged that the court's imposition of consecutive sentences violated his plea agreement. He argued that a claim

of this nature falls outside of the PCRA and is not subject to the PCRA's time constraints. Cannon's Rule 907 Response, filed 3/20/24, at 2-3.

The court dismissed the petition. In its opinion, the court states that after reviewing the transcript of the guilty plea colloquy and sentencing, it concluded that it imposed a sentence in accordance with the terms of the agreement between Cannon and the Commonwealth. PCRA Ct. Op., 6/24/24, at 2 (unpaginated).

Cannon timely appealed. He raises one issue: "Was the PCRA Court's dismissal of [Cannon's] PCRA petition premature without considering whether [Cannon's] plea colloquy and the language within the actual agreement support his claim that the 25-50 years given by the sentencing judge violated the contractual law?" Cannon's Br. at vi.[2]

Cannon argues his consecutive sentence violated the terms of the written plea agreement, because the "initial plea agreement . . . did not include a [consecutive] sentence of 5-10 years for the attempted murder charge." *Id.* at 4. He contends we should construe any ambiguities in the terms of the agreement against the Commonwealth. *Id.* at 6. He further claims his counsel "did not explain to this first[-]time offender[,] who in 2016 had a 10th grade education[,] the differences between the terms [']concurrent['] and [']consecutive.[']" *Id.* at 4. Cannon maintains that the PCRA timeliness restrictions do not apply to his claim, which sounds in breach

---

[2] Cannon has abandoned any argument that the court illegally imposed a mandatory minimum sentence.

- 5 -

of contract. *Id.* Cannon requests we remand for resentencing, or, in the alternative, remand for an evidentiary hearing regarding his understanding of the terms of the plea agreement. *Id.* at 8.

A petition to enforce the terms of a plea agreement is not subject to the PCRA's timeliness restrictions. *Commonwealth v. Kerns*, 220 A.3d 607, 611-12 (Pa.Super. 2019). Furthermore, a trial court can discern the proper nature of a petition to enforce a plea agreement even where it has been improperly labeled as a PCRA petition. *Id.* at 612. Therefore, insofar as Cannon advances a claim to enforce his plea agreement, the PCRA's timeliness restrictions do not apply. *See id.* However, his claim lacks merit.

The enforcement of a plea agreement is governed by the principles of contract law. *Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa.Super. 2020). A defendant is only entitled to relief if the allegedly breached term was made part of the plea agreement. *Commonwealth v. Martinez*, 147 A.3d 517, 533 (Pa. 2016). This requires an objective determination of "what the parties to the agreement reasonably understood to be the terms of the agreement," with consideration of the totality of the circumstances. *Snook*, 230 A.3d at 444 (citation omitted). We construe any ambiguities in the contract language against the Commonwealth. *Kerns*, 220 A.3d at 612. "Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity." *Id.* (citation omitted). If a written plea agreement is silent on a term, but the term is addressed during the oral

colloquy, then the term was contemplated by and included in the plea agreement. *Id.* at 615.

As these are questions of law, our standard of review is *de novo*. *Id.* at 612. Our scope of review is plenary. *Id.*

Here, the written document stating the terms of the proposed plea agreement is silent on whether the sentences would run concurrently or consecutively. This silence is not an ambiguity, and therefore we do not read the term "concurrent" into this document. *See Ragnar Benson, Inc. v. Hempfield Twp. Mun. Auth.*, 916 A.2d 1183, 1189-90 (Pa.Super. 2007) (differentiating between silence and ambiguity). Additionally, in open court, the parties specified the sentences would be consecutive. That the court would impose consecutive sentences was thus a term contemplated by and included in the agreement. *See Kerns*, 220 A.3d at 615.

Although Cannon claims that he did not understand the difference between "consecutive" and "concurrent" sentences when he pleaded guilty, he may not contradict the specific language of the agreement. *Id.* at 612. Moreover, during the hearing, the court twice explained that the murder sentence would begin immediately, and that the attempted murder sentence would commence "at the expiration" of the murder sentence. *See* N.T. at 8-10. Cannon also twice stated that he had no questions regarding his plea or sentence, despite that the court referred to the sentences as "consecutive" multiple times. *Id.* Therefore, not only does Cannon's claim contradict the plain language of the agreement, the totality of the circumstances objectively

indicates that the parties reasonably understood that the agreement included the imposition of consecutive sentences. We therefore affirm the court's denial of this claim.

To the extent that Cannon's claim encompasses a challenge to the effectiveness of his plea counsel, Cannon does not argue the court erred in finding it untimely under the PCRA. *See Com. ex rel. Dadario v. Goldberg*, 773 A.2d 126, 127, 130-31 (Pa. 2001) (holding claims of ineffective assistance of counsel during plea process fall under the PCRA). He has therefore waived any such claim. *See Commonwealth v. Woodard*, 129 A.3d 480, 509 (Pa. 2015) (finding issue waived where the appellant failed to argue it in his brief). Accordingly, we also affirm the court's dismissal of the ineffectiveness claim.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2024