J-S31032-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OMAR CARLTON | : | |
| | : | |
| Appellant | : | No. 2458 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008268-2021

BEFORE:  PANELLA, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 4, 2026**

Appellant Omar Carlton appeals from the judgment of sentence imposed after he pled guilty to one count of carrying a firearm on public streets or public property in Philadelphia.[1]  On appeal, Appellant contends that he properly preserved a challenge to the constitutionality of Section 6108 and argues that Section 6108 is unconstitutional because individuals between the ages of eighteen and twenty are statutorily precluded from obtaining a license to carry a firearm concealed on their person or in a vehicle pursuant to 18 Pa.C.S. §§ 6106, 6108, and 6109.[2]  After review, we affirm.

_____

[1] 18 Pa.C.S. § 6108.

[2] We note that Section 6106(a)(1) defines the crime of firearms not to be carried without a license as follows:

*(Footnote Continued Next Page)*

The trial court summarized the relevant facts and procedural history of this matter as follows:

> On July 17, 2021, Philadelphia police officers pulled over a vehicle for running a red light.  Police observed [Appellant], the front seat passenger, reach into the backseat behind the driver.  When officers approached the vehicle, they saw a rifle on the floor of the backseat behind the driver's seat, partially covered with a bag.

_____

> **(a) Offense defined.—**
>
>> (1) Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).  Further, Section 6108 provides, in relevant part:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless:
>
>> (1) such person is licensed to carry a firearm[.]

18 Pa.C.S. § 6108(1).  Section 6109(a) and (b), concerning licensing, states:

> **(a) Purpose of license.—**A license to carry a firearm shall be for the purpose of carrying a firearm concealed on or about one's person or in a vehicle throughout this Commonwealth.
>
> **(b) Place of application.—**An individual who is **21 years of age or older** may apply to a sheriff for a license to carry a firearm concealed on or about his person or in a vehicle within this Commonwealth.  If the applicant is a resident of this Commonwealth, he shall make application with the sheriff of the county in which he resides or, if a resident of a city of the first class, with the chief of police of that city.

18 Pa.C.S. § 6109(a)-(b) (emphasis added).

[Appellant] admitted ownership of the rifle and did not have a license to carry the firearm.[3]  Police officers arrested [Appellant] and he was charged with two violations of the Uniform Firearms Act (VUFA): [18 Pa.C.S.] § 6106, carrying a firearm without a license; and [18 Pa.C.S.] § 6108, carrying a firearm on public streets or public property in Philadelphia.  [Appellant] was under 21 years old at the time of his arrest.[4]  (Guilty Plea, N.T. 8/26/24, p. 12-13).

On August 26, 2024, [Appellant] appeared before this court and pled guilty to VUFA [18 Pa.C.S.] § 6108.  Pursuant to his negotiated guilty plea agreement, this court sentenced him to two years reporting probation.

Trial Ct. Op., 12/18/24, at 2 (some formatting altered).

Appellant did not file post-sentence motions.  On September 13, 2024, Appellant filed a timely notice of appeal.  Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues, which we have reordered as follows:

1. Does not [Appellant] have a right on this appeal to a decision on the merits of the constitutional claims?

2. Is 18 Pa.C.S. § 6108 unconstitutional on its face and as applied to 18-20-year-olds under the United States Constitution, and independently the Pennsylvania Constitution for three separate reasons?

---

[3] The firearm was an AR-15 .223 caliber rifle that was loaded with eighteen rounds and one round in the chamber of the firearm.  *See* N.T. 8/26/24, at 14.

[4] Appellant's date of birth is December 11, 2001.  *See* Sentencing Order, 8/26/24; Appellant's Rule 1925(b) Statement, 10/29/24, at 1.  Accordingly, Appellant was nineteen years of age at the time the offense on July 17, 2021.

The question presented more specifically is whether:

   a.  Section 6108 violates the Second Amendment right to public carry.

   b.  Section 6108 violates Article I, § 21 of the Pennsylvania Constitution that provides that the right to bear arms "shall not be questioned", and Article I, Section I, that provides a right of self-defense.

   c.  Section 6108 violates the equal protection rights of people in Philadelphia, and most severely those who are 18-20 years old.

Appellant's Brief at 2 (some formatting altered).

Because Appellant's issues are interrelated, we address them together. Here, Appellant argues that he has a right to challenge the constitutionality of Section 6108 and contends that he preserved this issue on appeal. *See id.* at 23-27. As stated above, Appellant pled guilty to carrying a firearm on public streets or public property in Philadelphia under Section 6108.

This Court has explained:

Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" [**Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2012)] (citation omitted). A guilty plea, however, does not always extinguish all claims outside of these three categories. In **Commonwealth v. Singleton**, 169 A.3d 79 (Pa. Super. 2017), this Court recognized that defendants may enter a guilty plea conditioned on the preservation for appeal of issues outside of these categories. **Singleton**, 169 A.3d at 81-82 (stating that "[w]hile our courts have not specifically addressed the validity of conditional plea agreements, our courts have proceeded to review the merits of issues specifically reserved in plea agreements" (citations omitted)). Therefore, an issue may be properly preserved for appeal, despite entry of a guilty plea, **if a defendant raised that issue prior to entering a guilty plea and specifically reserved the right to seek appellate review**

**of that issue as part of the plea agreement**. *See id.*; *accord Eisenberg*, 98 A.3d at 1274-75 (concluding that the defendant "adequately preserved [] his claim for Rule 302 purposes at the plea hearing"). In reviewing the terms of a plea agreement, we approach the plea agreement as a contract, "to be analyzed under contract-law standards." *Commonwealth v. Snook*, 230 A.3d 438, 444 (Pa. Super. 2020). In a dispute over the terms of a plea agreement, "[a]ny ambiguities . . . will be construed against the Government." *Id.*

*Commonwealth v. Speed*, 323 A.3d 850, 853-54 (Pa. Super. 2024) (emphasis added).

Here, the record reflects that at the guilty plea hearing, Appellant sought to preserve his challenge to the constitutionality of Section 6108, should an appellate court hold that Section 6108 prohibitions did not apply to individuals under twenty-one. N.T., 8/26/24, at 9; Trial Ct. Op., 12/18/24, at 2-3.

[Appellant's Counsel]: I apologize, your Honor. There's one other condition. I'm not sure if I should have written it on the form or just state it now for the record. As part of this guilty plea, the Commonwealth has agreed to preserve the issue of the under 21 VUFA. Should that law change in the future, we're preserving that issue for [Appellant] to file any appropriate motions at that time.

THE COURT: I'd like to think that that's the case in every case.

[Appellant's Counsel]: Yes, your Honor.

THE COURT: I suppose if you don't object to it. He wasn't one of the ones who filed the . . . .

[Appellant's Counsel]: He was. I want to make sure it's on the record.

THE COURT: No problem.

[Appellant's Counsel]: As that guilty plea indicates this young man loses any and all appellate rights when he enters a guilty plea. So I just wanted to make sure.

THE COURT: So he reserves the right to appeal **based on any change in the law for the 6108**?

[Appellant's Counsel]: Yes, your Honor.

THE COURT: Is that right?

[Appellant's Counsel]: Yes, 6108. Yes, your Honor.

THE COURT: Is that your understanding?

[Assistant District Attorney]: That's my understanding, your Honor. Yes.

THE COURT: Is that your understanding of the deal?

[Appellant]: Yes.

THE COURT: Other than what we just talked about, has anyone promised you anything else to plead guilty?

[Appellant]: No.

THE COURT: Are you talking about the United States Supreme Court?

[Appellant's Counsel]: If the Pennsylvania Supreme Court decides to announce that they are going to follow the federal constitution.

THE COURT: I'm not going to characterize it that way. **I'm going to characterize it in the event that an appellate court with jurisdiction over this court determines that defendants or individuals in [Appellant's] class being under 21 are not liable for 6108 violations.**

*      *      *

THE COURT: So this is what I have. This is what I have written. [Appellant] **reserves the right to appeal 6108 in the event that any appellate court with jurisdiction over this court holds that individuals under 21 would not be in violation of section 6108.**

[Appellant's Counsel]: Yes. That makes sense.

THE COURT: So that's your understanding of the deal?

[Appellant]: Yes.

*      *      *

- 6 -

THE COURT: Very good. So that's a yes.

After you plead guilty, you only have four limited grounds upon which to challenge your conviction. One, if I as the judge did not have the power to hear your case. Two, if your sentence was illegal. Three, if your plea was involuntary. Four, if your attorney was ineffective.

We are taking note part of your deal is that appellate right. **So you're not waiving that appellate right; okay? For a higher court saying that under 21 people don't have to follow 6108.** Once I agree to accept your plea, that will be the end of your case.

Knowing all of this, do you still wish to plead guilty –

[Appellant]: Yeah.

N.T., 8/26/24, at 7-11 (some formatting altered and emphases added).[5]

In his Rule 1925(b) statement, Appellant stated:

4. On August 26, 2024 [Appellant] entered a conditional guilty plea to 18 Pa.C.S. §6108. With the approval of the [trial court] and the consent of the prosecution [Appellant] reserved the right to challenge the constitutionality of Section 6108 on appeal. . . .

\* \* \*

6. The issues on appeal involve the denial of the motion to dismiss 18 Pa.C.S. § 6108 that claimed that the statute is unconstitutional facially and as applied. 18 Pa.C.S. § 6108 criminalizes the conduct of 18-20-year-olds for publicly carry[ing] a firearm in Philadelphia without a license even though 18 Pa.C.S. § 6109 bars any one [sic] under 21 from applying [for] or obtaining a license.

---

[5] We note that the Commonwealth agrees that Appellant preserved his challenge to the constitutionality of Section 6108. **See** Commonwealth's Brief at 6-7 (citing N.T. Guilty Plea Hr'g, 8/26/24, at 7-8).

7. The [trial court] erred in denying [Appellant's motion to dismiss the charge under Section 6108] without considering the merits.[6] The [trial court] erred in holding that there was no standing. [Appellant] is aggrieved by Section 6108 because of his prosecution and conviction. [Appellant] was not required[, to establish] standing to challenge 6108[,] to have done the useless act of applying for a license before his arrest. 18 Pa.C.S. § 6109 specifically bars anyone under the age of 21 from applying for a license. Nor was he required[, to establish] standing in this criminal case[,] to seek a civil declaratory judgment.

8. Section 6108 impermissibly burdens and violates the fundamental constitutional right to bear arms publicly, a guarantee of the Second and Fourteenth Amendments.

9. The statutory scheme violates Article 1, Section 21 of the Pennsylvania Constitution which provides that the right to bear arms "shall not be questioned", and Article [1, Section] 1, that provides for the "inherent and indefeasible" right of "defending life and liberty."

10. The criminalization of the right to bear arms in public for 18-20-year-olds in Philadelphia violates their equal protection rights under the Fourteenth Amendment of the United States Constitution and, independently, through several provisions of the Pennsylvania Constitution. Everywhere else in Pennsylvania there is no complete prohibition for 18-20-year-olds to publicly carry firearms.

_____

[6] Appellant filed a pre-trial motion to dismiss alleging that Section 6108 was unconstitutional and that "[b]ecause of his age, under 21, [Appellant] is ineligible in Pennsylvania to apply for and receive a license, 18 Pa.C.S. § 6109(b), and therefore has the unavoidable consequence of violating Sections 6106 and 6108 every time he exercises his right to publicly bear arms." Pre-Trial Mot. to Dismiss, 5/7/24, at 2. The trial court denied Appellant's pre-trial motion to dismiss a month before Appellant entered his guilty plea. *See* Order, 7/18/24. Appellant subsequently entered his guilty plea to Section 6108, but he did not present the challenges raised in his pre-trial motion concerning the constitutionality of Section 6108. At the guilty plea hearing, the trial court concluded that: "[Appellant] reserves the right to appeal **6108 in the event that any appellate court with jurisdiction over this court holds that individuals under 21 would not be in violation of section 6108.**" N.T., Guilty Plea Hr'g, 8/26/24, at 9 (emphasis added).

Appellant's Rule 1925(b) Statement, 10/29/24, at 1-2 (some citations omitted and formatting altered).

In its Rule 1925(a) opinion, the trial court addressed the issue raised in Appellant's Rule 1925(b) statement as follows:

> In his statement of errors, [Appellant] challenges the constitutionality of VUFA § 6108. However, there are no grounds upon which to challenge this statute as it pertains to [Appellant's] guilty plea. At the guilty plea hearing, [Appellant's Counsel] stated that, "[a]s a part of this guilty plea, the Commonwealth has agreed to preserve the issue of the under 21 VUFA. Should that law change in the future, we're preserving that issue for [Appellant] to file any appropriate motions at that time." (N.T. 8/26/24, p. 7.). This court clarified the conditional appellate right as, "[Appellant] reserves the right to appeal 6108 in the event that any appellate court with jurisdiction over this court holds that individuals under 21 would not be in violation of section 6108." *Id.* at 9. A review of recent Pennsylvania appellate court decisions does not result in any precedential case law that finds VUFA § 6108 unconstitutional or holds that individuals under the age 21 years old should not be found in violation of VUFA § 6108. As there has been no change in law since [Appellant's] negotiated guilty plea and sentencing on August 26, 2024, his . . . judgment of sentence should be affirmed.

Trial Ct. Op., 12/18/24, at 2-3 (footnote omitted).

Following our review, we agree with the trial court that Appellant is not entitled to relief.[7] As noted previously, this Court recently held that Section 6108 was unconstitutional when applied to individuals under twenty-one who seek to obtain an **open carry** permit in Philadelphia, as it conflicts with the eighteen-year-old age requirement that is in effect for the rest of

---

[7] This Court may affirm the decision of the trial court if it is correct on any basis. *See Commonwealth v. Rosendary*, 313 A.3d 236, 242 n.5 (Pa. Super. 2024).

Pennsylvania. *See Commonwealth v. Sumpter*, 340 A.3d 977, 981 (Pa. Super. 2025) (analyzing the constitutionality of Section 6108 "insofar as it prohibits the unlicensed open carry of firearms on public streets and public property in the city of Philadelphia," but declining to "address the overlap between § 6108 and § 6106, insofar as both statutes criminalize unlicensed concealed carry within the city of Philadelphia and therefore subject violators in Philadelphia to two convictions for that offense"); *see also Commonwealth v. Hell*, 1533 EDA 2024, 2025 WL 2612075, at *5 n.7 (Pa. Super. filed Sept. 10, 2025) (unpublished mem.) (explaining that *Sumpter* applied to cases involving unlicensed **open** carry in Philadelphia, but not **concealed** carry);[8] *Commonwealth v. Woods*, 701 EDA 2024, 2025 WL 3141726, at *2 n.3 (Pa. Super. filed Nov. 10, 2025) (unpublished mem.) (same).

However, here, Appellant pled guilty to violating Section 6108 for carrying a **concealed** firearm. Therefore, the *Sumpter* decision, which applies solely to open carry permits, does not affect Appellant's conviction for carrying a concealed firearm. Further, to the extent Appellant claims that he may be entitled to relief in the future, it is well settled that courts remain bound by existing precedent that is in effect during the litigation, including any changes in applicable law unless explicitly designated in the applicable legislation. Therefore, the trial court did not have the authority to provide an

_____

[8] *See* Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

open-ended, indefinite opportunity for Appellant to appeal based on future changes in the law. *See Commonwealth v. Reed*, 107 A.3d 137, 143 (Pa. Super. 2014) (stating that we are bound by existing precedent until such time it is overturned).

Accordingly, Appellant is not entitled to relief. *See Commonwealth v. Carthon*, 3208 EDA 2022, 2025 WL 2218956, at *2 (Pa. Super. filed Aug. 5, 2025) (unpublished mem.) (rejecting the argument that Section 6108 is unconstitutional because the appellant was a person between the ages of eighteen and twenty who could not obtain a license to carry a firearm in public in Philadelphia, and further concluding that the prohibition on firearms for individuals between eighteen and twenty one years of age was consistent with the United States' historical tradition of regulating firearms, and, therefore, the prohibition was constitutional), *petition for allowance of appeal filed*, 351 EAL 2025 (Pa. Sept. 4, 2025); *see also Commonwealth v. Rosario*, 342 A.3d 770, 774-79 (Pa. Super. 2025) (rejecting a challenge by a twenty-year-old appellant claiming that Section 6106 violates the Second Amendment of the United States Constitution and Article 1, Section 21 of the Pennsylvania Constitution by infringing upon the right of eighteen-to-twenty-year-olds to carry a firearm in a vehicle in public, and holding that Section 6106(a)(1), as applied to the appellant was consistent with the United States' historical tradition of regulating firearms); *Commonwealth v. Williams*, 341 A.3d 144, 150-59 (Pa. Super. 2025) (holding that Section 6106 and Section 6109 are consistent with the United States' historical tradition of regulating

firearms, and therefore both Sections 6106 and 6109 were constitutional as applied to the appellant), *petition for allowance of appeal filed*, 395 MAL 2025 (Pa. July 31, 2025).  Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.  Jurisdiction relinquished.

Judgment Entered.



Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/4/2026