J-S25016-25 & J-S25017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
       :
v.       :
       :
       :
JOSEPH TAYLOR       :
       :
      Appellant      :   No. 332 EDA 2025

Appeal from the PCRA Order Entered December 26, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0001369-1997

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
       :        PENNSYLVANIA
       :
v.       :
       :
       :
JOSEPH TAYLOR       :
       :
      Appellant      :   No. 334 EDA 2025

Appeal from the PCRA Order Entered December 26, 2024
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003165-2001

BEFORE: PANELLA, P.J.E., DUBOW, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:         **FILED SEPTEMBER 16, 2025**

    Appellant Joseph Taylor appeals from the December 26, 2024 order

entered in the Chester County Court of Common Pleas dismissing his "Motion

for *Habeas Corpus* Relief" as an untimely Post-Conviction Relief Act ("PCRA")[1]

petition. After careful consideration, we conclude that the court erred in

---

[1] 42 Pa.C.S. §§ 9541-46.

deeming the motion a PCRA petition but affirm the court's decision to deny relief.[2]

On November 10, 1996, Appellant shot Ironne Cannon ("Victim"). On May 18, 1998, Appellant entered into a negotiated plea agreement, pleading guilty to Attempted Homicide and Conspiracy at Docket Number 1369-1997, and the court sentenced him to 15 to 30 years of incarceration. Relevantly, the plea agreement included the following language as an "other condition"— "Final Disposition of Matter[.]"

Following Victim's death on April 16, 2001, the Commonwealth charged Appellant with, *inter alia*, First-Degree Murder. Prior to trial, this Court rejected Appellant's interlocutory challenges to the prosecution based on the Double Jeopardy Clause, including his claim that the phrase "Final Disposition of Matter" barred the Commonwealth's prosecution of other charges related to the shooting. **Commonwealth v. Taylor**, No. 1830 EDA 2002, at 2 (Pa. Super. filed Feb. 4, 2003).

On November 20, 2003, a jury convicted Appellant of First-Degree Murder at Docket Number 3165-2001. Following trial, the court sentenced Appellant to life in prison without parole, which merged with the prior sentence of 15 to 30 years of incarceration.

On January 14, 2005, this Court affirmed the judgment of sentence, and on November 30, 2005, our Supreme Court denied allowance of appeal.

---

[2] This Court consolidated these appeals *sua sponte*.

*Commonwealth v. Taylor*, 872 A.2d 1275 (Pa. Super. 2005) (unpublished memorandum), *appeal denied*, 889 A.2d 1216 (Pa. 2005). As Appellant did not petition for *certiorari* from the United States Supreme Court, his sentence became final on February 28, 2006.[3] Thus, Appellant had until February 28, 2007, to file a timely PCRA petition.

Between 2005 and 2018, Appellant filed five PCRA petitions. The PCRA court dismissed each petition, and this Court affirmed.

On October 7, 2024, Appellant filed a "Motion for Habeas Corpus Relief" listing both docket numbers. On November 14, 2024, the court treated the motion as an untimely PCRA petition and issued a Pa.R.Crim.P. 907 notice of intent to dismiss ("Rule 907 Notice"). On December 26, 2024, the PCRA court dismissed the petition.

Appellant filed a notice of appeal at each docket, deemed timely pursuant to the Prisoner Mailbox Rule.[4]

Appellant and the PCRA court complied with Pa.R.A.P. 1925, with the court relying upon the analysis set forth in its Rule 907 Notice.

Appellant raises the following question on appeal:

---

[3] **See** 42 Pa.C.S. § 9545(b)(3) (stating that the judgment of sentence becomes final "at conclusion of direct review" or "at the expiration of time for seeking the review"); U.S. Sup. Ct. R. 13(1) (providing that review must be sought "within 90 days after entry of the order denying discretionary review").

[4] **See Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997); **see**, **e.g.**, **Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa. Super. 2007) (finding a notice timely based on the date the appellant likely mailed the document).

Did the PCRA court err when failing to address/correct the miscarriage of justice resulting from Commonwealth's breach of Appellant's plea agreement and sentencing order?

Appellant's Br. at 3 (some capitalization omitted).

As a threshold matter, we address Appellant's argument that the court erred in deeming his *habeas corpus* motion a PCRA petition. Appellant's Br. at 2. "Whether a filing is properly construed as a PCRA petition or a petition for a writ of *habeas corpus* is a purely legal question. Therefore, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Montgomery**, 181 A.3d 359, 367 (Pa. Super. 2018) (*en banc*).

Generally, a petition for collateral relief will be considered a PCRA petition. **See Commonwealth v. Snook**, 230 A.3d 438, 443 (Pa. Super. 2020). Indeed, "[t]he plain language of the PCRA mandates that claims which could be brought under the PCRA, must be brought under the PCRA." **Id.** However, "a collateral petition to enforce a plea agreement is regularly treated as outside the ambit of the PCRA and under the contractual enforcement theory of specific performance." **Id.** at 444. For example, in **Snook**, this court concluded that the defendant's petition to obtain his personal property fell outside the PCRA because it sought to enforce the plea agreement, which included a term requiring the Commonwealth to return his personal property. **Id.** at 446.

Relying on **Snook**, Appellant contends that his *habeas corpus* motion seeks to enforce his plea agreement and does not fall under the PCRA. Appellant's Br. at 2. He baldly argues that the Commonwealth breached the

- 4 -

plea agreement by subsequently prosecuting him for Murder when the agreement included the phrase "Final Disposition of Matter." *Id.* at 9-10.

Upon careful consideration, we agree with Appellant that the trial court erred in treating his motion as a PCRA petition because he raises a claim to enforce his plea agreement, which is outside the PCRA. Nevertheless, we affirm the court's denial of relief on other grounds.[5]

Based on our review, we conclude that Appellant's argument has no merit as the plea agreement did not include an agreement not to prosecute Appellant for Murder in the event of Victim's death. Indeed, Appellant raised a similar claim in his interlocutory appeal filed prior to trial in the Murder case, where this Court rejected Appellant's argument that "the prosecution was barred from pursuing subsequent charges" based on the plea agreement's inclusion of the phrase "Final Disposition of the Matter." *Taylor*, No. 1830 EDA 2002, at 2.

As Appellant's argument has no merit, we affirm the court's dismissal of his motion.

Order affirmed.

---

[5] "[A]n appellate court [may] affirm the trial court's decision on any basis that is supported by the record." *Commonwealth v. Conforti*, 303 A.3d 715, 729 (Pa. 2023).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/16/2025